[4091.]

THE BOARD OF COUNTY COMMISSIONERS OF RIO GRANDE
COUNTY v. LEWIS.

COUNTY COMMISSIONERS—DISCRETIONARY POWERS—ALLOWANCE OF
CLAIM—CARE OF INDIGENT SICK.

Section 3391 Mills Ann. Stats. which provides that when any one not coming within the definition of a pauper shall fall sick in any county of this state, not having money or property to pay his board, nursing or medical attendance, that the county commissioners shall give such assistance to such person as they may deem just and necessary, and may make such allowance therefor as they shall deem just and equitable, vests in the board a discretion to allow and pay in cases of this character what may be deemed reasonable and fair.  And where a bill was presented to the board for furnishing board, lodging, caring for and nursing such sick person and the account was allowed in part, in order to maintain an action against the board for the balance of the account the plaintiff must show that the board abused its discretion in making the allowance it did.

*Error to the County Court of Rio Grande County.*

Action by defendant in error, as plaintiff, to recover from plaintiff in error, as defendant, the sum of ninety-one dollars, claimed as the balance of an account of two hundred and sixty-six dollars for furnishing board, lodging, caring for, and nursing Edmund Koch, alleged to be a pauper on Rio Grande County. From a judgment in favor of plaintiff in the sum of fifty-nine dollars and sixteen cents, defendant brings the case here for review on error.

Mr. JESSE STEPHENSON for plaintiff in error.

Mr. J. P. Veerkamp for defendant in error.

Mr. Justice Gabbert delivered the opinion of the court.

Plaintiff seeks to maintain this action upon the ground that the services rendered and items furnished were of the reasonable value charged. On behalf of defendant it is urged that the judgment is erroneous, for the reason that plaintiff has been paid upon his account what the board "deemed just and equitable;" and having exercised its discretion in this respect, the judgment should have been for the defendant, unless it appears that its discretionary powers in matters of this character have been abused. The testimony discloses that Koch was a resident of Mineral county; that he became sick in the county of Rio Grande, and was cared for by plaintiff. There is also testimony to the effect that the services rendered and necessaries furnished by plaintiff were of the reasonable value charged therefor in his account upon which this action is based. The board allowed him the sum of $175. It is contended by counsel for defendant, and not controverted by counsel for plaintiff, that the right of the latter to recover is based upon the provisions of Section 3391 Mills Ann. Stats., which provides that when any person not coming within the definition of a pauper shall fall sick in any county of this state, not having money or property to pay his board, nursing or medical attendance, that the county commissioners shall give such assistance to such person as they may deem just and necessary, and may make such allowance therefor as they shall deem just and equitable. This statute was intended to, and vests in the board a discretion to allow and pay in cases of this character what may be deemed reasonable and fair. Such discretion, as applied to public functionaries, means the power or right of acting officially according to what appears just and proper under the circumstances. 1 Bouvier, title "Discretion;" *Murray v. Buell,* 74 Wis., 18.

Courts will not interfere with the exercise of such discretionary authority unless it has been abused. All reasonable intendments must be made in favor of the acts of officials who are under obligations to perform their duties correctly, so long as they appear to be acting in good faith—*Smith v. Board,* 10 Colo., 17. In order to constitute an abuse of such discretion, it must appear that it was exercised on grounds, or for reasons, clearly untenable, or to an extent clearly unreasonable,—*Murray v. Buell, supra.* The right of plaintiff to recover does not rest primarily upon the question of what may be the reasonable value of the services rendered or articles furnished, but upon the proposition that the board in allowing him upon his account the sum of $175, has abused that discretion with which by law it is invested. This it was incumbent upon the plaintiff to affirmatively establish. The testimony wholly fails to show a state of facts from which it can be inferred that the board has abused its discretionary power and authority. There is no such discrepancy between the amount paid and the sum claimed, or the amount which the witnesses testified the services rendered and articles furnished were worth, as to strike the mind with the conviction that the board, in alllowing plaintiff the sum of $175 upon his account, and no more, acted in an arbitrary, vague, or capricious manner. On the contrary, we think it is clearly apparent from the testimony that the board, in allowing the sum it did, acted in good faith, with due care and discretion, and within the limits of its conceded powers. For this reason the judgment of the trial court should have been for the defendant. The judgment of the county court is reversed, and the cause remanded with directions to enter judgment in favor of the defendant.

*Reversed and Remanded.*