**BOARD OF PERMANENT ROAD COM'RS OF HUNT COUNTY et al. v. JOHNSON et al. (No. 8646.)**

(Court of Civil Appeals of Texas. Dallas. May 7, 1921. Rehearing Denied June 4, 1921.)

**1. Highways ⬥103—Change of route for construction of county road not an abuse of "discretion," warranting judicial interference therewith.**

Where the board of permanent road commissioners of a county created under Sp. Laws 33d Leg. (1913) c. 60, in selection of route between two terminals, carefully considered the entire situation, and where there was no evidence of bad faith or perversity, or of moral delinquency, actuating the board or any of its members in receding from the tentative selection of one route and ultimately adopting another route, and where the selection of such other route caused the contribution by the state of $106,000, which the state threatened to withdraw if the road was constructed along the route first selected, the change of routes was not an abuse of discretion, warranting interference, though first route would serve more people and the cost of maintenance would be less, but at most was a mistake of judgment, with which the court will not interfere; "discretion" being defined as the power or right to act officially according to what appears just and proper under the circumstances.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Discretion.]

**2. Injunction ⬥74—Courts cannot invade discretion to correct mistakes of judgment.**

Courts cannot invade the discretion of public functionaries to correct mere mistakes of judgment.

Appeal from District Court, Hunt County; Geo. B. Hall, Judge.

Action by J. O. Johnson and others against the Board of Permanent Road Commissioners of Hunt County and others. Judgment for plaintiffs, and defendants appeal. Judgment reversed, and injunction dissolved.

Clark & Sweeton, of Greenville, for appellants.

B. F. Crosby and M. B. Harrell, both of Greenville, for appellees.

HAMILTON, J. This is an appeal from a judgment perpetually enjoining appellants from constructing a certain described paved road in Hunt county.

The board of permanent road commissioners of Hunt county was created under and exists by virtue of a special road law for Hunt county enacted by the Thirty-Third Legislature. It consists of the commissioners' court, the county auditor, and eight citizens, two selected from each of the four commissioners' precincts. Special Laws 33d Leg. p. 190, vol. 16, Laws of Texas. This board, under the provisions of the Hunt county road law, is given unlimited discretion in selecting, laying out, and constructing paved roads.

Appellees alleged substantially that the members of the board, in deliberate and exhaustive exercise of the discretion reposed in them by the provisions of the law, selected and decided to construct a road, designated as the "Jacobia route," which route, in the light of existing facts and conditions and as a matter of justice to the great majority of the citizens to be affected, sound and practical judgment dictated ought to be constructed. But, it was alleged, after the "Jacobia route" had been selected by the board, the state highway department refused to extend state and federal aid for the construction of the road, to augment the county's funds derived from bonds voted by the county, and that this circumstance induced the board to surrender its discretion to the state highway commission, and to yield to the arbitrary demands of the highway commission, which was done in adopting for construction the road the building of which was enjoined.

Appellants answered by general demurrer and general denial. The appeal is presented upon one assignment of error, which is as follows:

"The judgment entered herein is without evidence to support it, is contrary to the law, and is an unwarranted interference with the discretionary powers, duties, and responsibilities of the permanent road board of Hunt county. There is no evidence to show that the road board failed to exercise its own discretion. On the contrary, the undisputed evidence is that it has freely exercised its discretion, that it has chosen the more direct and cheaper route, and that, in doing so, it will save the people of

Hunt county $146,000, besides working in harmony with the state highway department."

We sustain the view asserted by appellants. The record does not reveal in the board's action, purposes and conduct which constitute abuse of discretion in matters of this kind. There is no evidence whatever of bad faith or perversity, or of moral delinquency, actuating the board or any of its members, in finally receding from the tentative selection of the "Jacobia route," and ultimately adopting the "middle route," the construction of which appellees seek to enjoin.

[1, 2] The evidence reflects a long and insistent discussion between the board and the highway commission, throughout which the former strive to persuade the latter to acquiesce in supplying federal and state aid to the construction of the "Jacobia route," and throughout which the highway department insists that it would not accede to the proposal, but would withdraw a contribution of road funds amounting, according to the evidence, to $106,000. The evidence shows that the construction of the route finally adopted will cost $40,000 less than the "Jacobia route"; the former route being a shorter and more direct connection between Greenville and Commerce, the two respective terminals. It also shows that the "Jacobia route" would directly serve a great many more people than the "middle route" finally adopted, and that the cost of maintaining the "Jacobia route" would be less. The evidence also shows the aggregate taxable value of property in the vicinity of the "Jacobia route" to be much greater than that in the vicinity of the other. But, on the other hand, the evidence establishes that the members of the board carefully and patiently considered the entire situation, and weighed the advantages of the "Jacobia route" against the loss to the county's road system the withdrawal of the $106,000 federal and state aid would entail, by virtue of building the "Jacobia route," and that their honest judgment suggested the soundness of building the adopted road and saving the $106,000, rather than building the Jacobia road and losing it. Not even the semblance of corruption or disregard of duty is discoverable in the record. At most, it can be said to disclose only a mistake of judgment; and it is well settled that courts cannot invade the discretion of such public functionaries to correct mere mistakes of judgment.

Before a court is authorized to restrain by injunction the acts of such boards, it must be established that the conduct complained of is tainted with some element of turpitude or its equivalent. When the board was created by the votes of the citizens of Hunt county, as it was, under the provisions of the special law, the people thereby assumed whatever peril there was to be involved in the board's honest, although erroneous, judgment, and they cannot call upon the courts to nullify that judgment, notwithstanding it may not be in accord with the better judgment of others, and notwithstanding that the facts and conditions may persuade the court that effectuating such judgment will operate to impair the highest public interests. The conduct complained of was but the legitimate result and expression of authoritative opinion, and courts may not review such opinions and substitute therefor their own, derived from the same facts upon which the board acted.

Neither may the court say that, because the board has once tentatively expressed its judgment as to the soundest selection of a route, it cannot subsequently abandon that judgment and select another route, in consideration of whatever advantage will accrue from such circumstance as the extension of the $106,000 aid, which otherwise it was thought would have been lost. The exercise of discretion in this matter meant more than merely determining which particular road would directly serve the greater number of citizens in a certain portion of the county, or which road would extend through a locality contributing most to the taxes paid for the bonds. It meant a consideration and weighing of whatever entered as a factor to contribute to or detract from the general welfare of the county from the standpoint of a permanent road system for the entire county. The scope of the board's duties comprehended, in connection with this very matter of choice of routes, a conservation of the road interests of the whole county, and we think it manifest that a proper exercise of discretion permitted, if it did not require, consideration of the $106,000 of proffered aid as an element of legitimate concern in adopting a route for construction of the road.

"'Discretion,' as applied to public functionaries, means the power or right to act officially, according to what appears just and proper under the circumstances. * * * Courts will not interfere with the exercise of such discretion * * * unless it has been abused. * * * In order to constitute an abuse of such discretion, it must appear that it was exercised on grounds, or for reasons, clearly untenable, or to an extent clearly unreasonable." Board of Commissioners of Rio Grande County v. Lewis, 28 Colo. 378, 65 Pac. 51.

In considering the question of abuse of discretion by county commissioners in determining to build a certain road the Amarillo Court of Appeals, speaking through Justice Boyce, in the case of Grayson County v. Harrell, used the following language:

"There is no allegation that the decision of the commissioners' court to improve the Luella road was the result of any corrupt, fraudulent, malicious, or improper motive on the part of the commissioners, or that their decision was not made in good faith. The facts alleged, if true, only show a bad mistake in judgment. In

cases of this kind, the discretionary power conferred upon the commissioners' court can only be interfered with by injunction where the proposed action is fraudulent." Grayson County v. Harrell, 202 S. W. 163.

Also see Tippett v. Gates, 223 S. W. 702; Waterbury v. City of Laredo, 60 Tex. 523; Tyree v. Road District, 199 S. W. 644.

There being no evidence in the record showing or tending to show that the adoption of the road was the result of perversity, caprice, or moral delinquency of any nature, but, on the contrary, the evidence clearly showing that the members' of the board pursued the dictates of conscience and judgment in the actions complained about, it follows that no abuse of discretion appears, and accordingly the decree is unsupported by the evidence.

The judgment is therefore reversed, and the injunction granted is dissolved.