Louis Caras, Appellant, v. The Delaware Liquor Commission, Appellee.

(*May* 26, 1952.)

RICHARDS, P. J., sitting.

*David Snellenburg* and *N. Maxson Terry*, Attorneys for the Appellant.

*Daniel J. Layton, Sr.*, Attorney for The Delaware Liquor Commission.

Superior Court for Kent County, No. 182, Civil Action, 1951.

RICHARDS, P. J.:

The appellant's application for a license to sell alcoholic liquors for consumption on the premises where sold, was filed with The Delaware Liquor Commission on April 11, 1951. The place for which the license is desired is located approximately two and one-half miles South of Smyrna, Kent County, Delaware, on U. S. Route 13 of the Du Pont Highway.

Said application was duly advertised in two different newspapers in Kent County and the provisions of The Liquor Control Act regulating the filing thereof were complied with.

Three petitions having been filed with the Liquor Commission within the required time protesting against the granting of said license, the applicant and the protestants were notified that it would be necessary to hold a hearing to consider the application and protest, the time for said hearing being fixed for Wednesday, June 27, 1951, at ten A. M., in the Court House, at Dover, Delaware.

The record discloses that at the hearing before the Commissioner, the appellant was represented by David Snellenburg, Esq., the protestants were represented by Rev. Walter Beckwith and The Delaware Liquor Commission was represented by Daniel J. Layton, Sr., Esq.; that the Rev. Walter Beckwith and

one Oscar Wish testified for the protestants and were examined by Col. Edgar S. Stayer, the Liquor Commissioner, Daniel J. Layton, Sr., Esq., Attorney for The Delaware Liquor Commission, and David Snellenburg, Attorney for the appellant; that the appellant, Louis Caras, also testified and was questioned by his Attorney, David Snellenburg, Esq., the Rev. Walter Beckwith, and Daniel J. Layton, Sr., Esq.

. The testimony offered on behalf of the protestants was to the effect that there are sufficient licensed premises in the locality and that the granting of a license in the locality set out in the application is not demanded by public interest or convenience.

The testimony on behalf of the appellant was to the effect that the traffic in that locality was made heavy in the winter time by travel to Florida and heavy in the summer time by fishermen going to various points on the Penninsula; also that civic organizations meet there from time to time but not regularly.

It also appears from the record that there are a number of restaurants along the Du Pont Highway, both North and South of the place in question, where alcoholic liquors are served to be consumed on the premises where sold; one of such places being 5 miles distant, another 3.8 miles distant, another 5 miles distant and three taprooms along the highway at distances ranging from 2.7 miles to 4.5 miles from the place in question.

It thus clearly appears from the record that the Commissioner in exercising his discretion had before him the testimony taken at the hearing of both the applicant and the protestants, and the condition in the locality with respect to the number of places licensed for the sale of alcoholic liquors.

The Liquor Commissioner cannot arbitrarily refuse to grant a license to an applicant but must consider the existing condition in the locality, including the number of licensed premises already there, and determine whether an additional licensed place is necessary to properly serve the public interest and convenience.

" 'The Liquor Control Act' " provides nine grounds upon which the Liquor Commissioner may refuse to grant a license. The grounds which are applicable to this case are as follows:

"(1) That there are sufficient licensed premises in the locality or that the granting of a license in the locality set out in the application is not demanded by public interest or convenience."

"(9) That there is any other reason which in the opinion of the Commission based on public convenience or necessity warrants its refusal to grant such license." *Revised Code* 1935, Paragraph 6151.

In order to determine whether there are sufficient licensed premises in a certain locality, or whether the granting of a license is demanded by public interest or convenience, or whether there is any other reason based on public convenience or necessity which in the opinion of the Commissioner warrants the refusal to grant a license, requires the exercise of discretion. This Court held in the case of *Lord v. Delaware Liquor Commission*, 2 *Terry* (41 *Del.*) 154, 17 *A.* 2d 230, that this discretion must be a sound legal discretion.

Discretion as applied to public officers, means the power or right to act in an official capacity in a manner which appears to be just and proper under the circumstances. The Court will not interfere with this power or right of public officials to act unless it is convinced that it has been abused. In order to constitute an abuse of discretion by public officials it must appear that its exercise was unreasonable and that the ground upon which it was based or reason shown therefor was clearly untenable. *Board of Commissioners of Rio Grande County v. Lewis*, 28 *Colo.* 378, 65 *P.* 51; *Norris v. Clinkscales*, 47 *S. C.* 488, 25 *S. E.* 797; *Pettegrew v. Pettegrew*, 128 *Neb.* 783, 260 *N. W.* 287; *Long v. George*, 296 *Mass.* 574, 7 *N. E.* 2d 149; *Rex v. Young*, 1 *Burrows*, 560, 97 *Eng. Reprint* 477.

Under the provisions of "The Liquor Control Act" when an appeal is taken to this Court from the decision of the Commis-

sioner, the Court is required to decide the cause from the record. Said Act expressly provides that the Commissioner's findings of fact shall not be set aside unless the Court shall determine that the record contains no substantial evidence that would reasonably support said findings.

The Court may, in its discretion, take additional evidence if it finds that additional evidence should be taken, or it may remand the cause to the Commissioner for completion of the record. *Revised Code* 1935, Par. 6150, as amended by Chap. 275, Sec. 2, of Vol. 43 of the *Laws of Delaware*.

At the hearing before me, I was requested to allow the appellant, Caras, to give further testimony, or remand the cause to the Commissioner in order that he might have an opportunity to give further testimony. In view of the fact that it appeared from the record that he testified at the hearing before the Commissioner, was examined by his Attorney, and cross examined by both the representative of the protestants and the Attorney for "The Delaware Liquor Commission", I was not convinced that additional evidence should be taken. Consequently the request was denied. The Commissioner is only required to hear a sufficient number of witnesses to fully inform him of the conditions existing in the locality where the license is desired. *Diamond State Liquors, Inc., v. Delaware Liquor Commission,* 6 *Terry* 412, 75 *A.* 2d 248.

I am convinced that the evidence produced at the hearing before the Commissioner was sufficient to fully inform him of the conditions existing in the community where the license is desired, and to enable him to determine whether the license is demanded by public necessity or convenience.

For this reason, I find that the Commissioner did not abuse his discretion by refusing to grant the license in this case.

The decision of the Commissioner is hereby affirmed.