**Juan G. GARCIA et al., Appellants,**

v.

**DUVAL COUNTY et al., Appellees.**

No. 13954.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 24, 1962.

Rehearing Denied Feb. 21, 1962.

the issuance of $5,750,000.00 "Road Bonds", and the other for the issuance of $250,000.-00 "Park Bonds", to be valid, and refusing to enjoin the issuance of such bonds.

Appellants' first contention is that both of said bond elections were void because in each case there was submitted to the voters a proposition which included two or more separate and distinct structures or units. We will first consider this contention as it applies to the "Road Bonds". The order calling the election stated the purpose of this election in the following language:

"* * * that an election be ordered to determine whether or not the bonds of said Duval County, Texas, shall be issued in the sum of Five Million Seven Hundred Fifty Thousand ($5,750,000.-00) Dollars, bearing interest at a rate not to exceed five and one-half (5½%) per cent per annum, and maturing at such times as may be fixed by the Commissioners Court, serially or otherwise, not to exceed thirty (30) years from their date, for the purpose of the construction, maintenance and operation of macadamized, graveled or paved roads and turnpikes, or in aid thereof, in said County; and whether or not an ad valorem tax shall be levied upon all the taxable property in Duval County for the purpose of paying the interest on said bonds and to provide a sinking fund for the redemption thereof at maturity; * * *."

Walter P. Purcell, Perkins, Floyd, Davis & Oden, Lawrence H. Warburton, Jr., Alice, for appellants.

Gibson, Spence & Gibson, Austin, Lloyd, Lloyd & Dean, Alice, for appellees.

PER CURIAM.

This is an appeal by Juan G. Garcia and others, from a judgment of the District Court of Duval County, Texas, declaring the elections held in that county, one for

All of the County Commissioners and the County Judge testified at the trial. Their testimony was largely concerned with their campaigning in favor of the bond issues. The public appearances in favor of the bonds were led by the County Judge. Overlay maps, prepared by an engineering firm, were used in the campaigning. However, these campaign speeches and the maps are no part of the official record of the bond issues and have no binding effect on the County and its Commissioners Court. Verbal or written campaign promises are

not enforceable. The Commissioners Court must act by official orders and not otherwise.

■ The maps show that it is the plan of the County Judge and Commissioners to improve a number of unconnected roads and streets. Appellants' contention is, in effect, that these various projects should have been submitted separately to the voters so that they might vote for one project and against another. We do not agree that the failure to do this is fatal to the bond issue election. The purpose of the bonds as stated in the election order and all other proceedings is almost in the exact language of Article 752a, Vernon's Ann.Civ.Stats., and is legally sufficient. Adams v. Mullen, Civ. App., 244 S.W. 1083, err. ref. In 4 A.L.R. (2d), p. 635, we find the following statement of the law:

"§ 9. Roads or highways.

"Where the proposition is to devote the proceeds of bonds to be issued by a governmental subdivision to the construction or improvement of two or more roads or highways it has been considered a single proposition within the rule forbidding the submission of two or more propositions to the voters as a single question, for the reason that they are naturally related to or connected with each other."

It is true that Art. 703, V.A.C.S., provides as follows:

"The proposition to be submitted shall distinctly specify:

"1. The purpose for which the bonds are to be issued;

"2. The amount thereof; * * *."

However, the construction and improvement of roads in a county is a single purpose. The advisability of describing each road and each set of streets to be improved is a matter addressed to the discretion of the authority calling and ordering the election. Whether the voters will vote for road bonds without specifications as to the particular roads and streets to be improved is a matter addressed to the discretion of the voters.

The same thing is true as to the park bonds. Art. 6081e, Vernon's Ann.Civ. Stats., relating to park bonds, reads in part as follows:

"To purchase and/or improve lands for park purposes, an incorporated city and/or county may issue bonds, * *."

Bonds to purchase or improve two or more parks in a county is for a single purpose, and there is no reason why the bonds for each park would have to be submitted separately, unless the Commissioners Court in its discretion would deem it proper.

When the election proceedings provide that the purpose of road bonds is for "the construction, maintenance and operation of macadamized, graveled or paved roads and turnpikes, or in aid thereof," in the County, the purpose of the "Road Bonds" has been distinctly specified. Likewise, when the election proceedings state that the purpose of the bonds is for "purchasing and improving land to be used for park purposes in and for said County," the purpose of the bonds has been distinctly specified.

We do not agree that the bonds should have been submitted to the voters in twenty-one different projects, because the County Judge and Commissioners in campaigning for the bonds stated there were numerous different roads to be improved, streets in five different cities or villages to be paved, right-of-ways to be purchased, and parks to be improved. The Commissioners could have submitted twenty-one different projects, if they had thought best to do so, but they were not required to do so. Cannon v. McComb, Civ.App., 268 S.W. 999; Adams v. Mullen, Civ.App., 244 S.W. 1083; Grayson County v. Harrell, Civ.App., 202 S.W. 160; 4 A.L.R.2d p. 635.

■ There is nothing in the election proceedings to show just what roads are to be built or improved. It is true that there were pre-election speeches made by the County Judge and County Commissioners, and maps exhibited showing just how the Commissioners Court expected to spend the bond money. The County Judge and Commissioners, at the trial, testified that they still intended to spend the money as shown by the maps and stated in their talks. These pre-election statements and maps are not enforceable unless contained in a pre-election order, duly passed by the Commissioners Court sitting as a body. The Commissioners Court is not required by law to pass a pre-election order designating the roads to be paved or the parks to be improved. Black v. Strength, 112 Tex. 188, 246 S.W. 79; Camp v. Thomas, Civ. App., 26 S.W.2d 470; Cannon v. McComb, Civ.App., 268 S.W. 999; Wright v. Allen, Civ.App., 257 S.W. 980; Grayson County v. Harrell, Civ.App., 202 S.W. 160.

■ Appellants next contend that both elections were void because the voters had submitted to them on the ballot a single proposition of issuance of bonds and levy of taxes, which should have been submitted as separate and distinct propositions.

Under the statutes, the bonds could not be issued unless first there was levied a tax sufficient to pay the interest and establish a sinking fund. The bonds and the tax both had to be voted on. There could not be one without the other. Any voter who was in good faith for the bonds was also for the tax, and one against the tax was also against the issuance of the bonds. The voters were not entitled to have these two inextricably joined matters submitted separately so that they might cast unintelligent votes of being for the one and against the other. Art. 752 et seq., and Art. 702 et seq., Vernon's Ann.Civ.Stats.

■ The election for the park bonds was not held under an invalid statute. Art. 6081e, Vernon's Ann.Civ.Stats., under which the election was called, is not governed by Art. 3, § 52 of the Texas Constitution, Vernon's Ann.St., requiring a two-thirds vote in some instances, but is governed by Art. 8, § 9, of the State Constitution, which does not require a two-thirds vote. Shelby County, Texas, v. Provident Savings & Trust Co. (CCA, Fifth Circuit) 54 F.2d 602; Henderson County v. Allred, 120 Tex. 483, 40 S.W.2d 17; Collingsworth County v. Allred, 120 Tex. 473, 40 S.W.2d 13; Mitchell County v. City Nat. Bank, 91 Tex. 361, 43 S.W. 880.

The trial court did not err in finding that the bond election proceedings were valid, insofar as they concerned the fixing of the maturity dates of the bonds. The fixing of the maturity of road bonds is governed by the provisions of Art. 752i, Vernon's Ann.Civ.Stats., reading as follows:

"Such bonds shall mature not later than thirty years from their date, except as herein otherwise provided; they shall be issued in such denominations, and payable at such time or times as may be deemed most expedient by the Commissioners' Court, and shall bear interest not to exceed five and one-half per cent per annum. The general laws relative to county bonds, not in conflict with the provisions of this Act, shall apply to the issuance, approval and certification, the registration, the sale and payment of the bonds provided for in this Act. Acts 1926, 39th Leg., 1st C.S., p. 23, ch. 16, § 11."

The judgment of the trial court is affirmed.