Joseph F. DeROSE et al., Appellants,

v.

DELAWARE ALCOHOLIC BEVERAGE CONTROL COMMISSION, Appellee.

Superior Court of Delaware, New Castle.

Submitted Dec. 2, 1975.

Decided Dec. 16, 1975.

Harvey B. Rubenstein, Wilmington, for appellants.

Wheeler K. Neff, Deputy Atty. Gen., Wilmington, for appellee.

TAYLOR, Judge.

This is an appeal from a decision and order, dated May 30, 1975, of the Delaware Alcoholic Beverage Control Commission which granted a license to Magness Construction Company to sell alcoholic beverages in a package store for off-premises consumption at the intersection of Old Churchmans Road and New Churchmans Road in New Castle County, Delaware.

Magness Construction Company applied for the license on November 6, 1974. On November 12, 1974, a protest petition signed by approximately 160 persons was received by the Commission. Seven protestants appeared and testified at the hearing.

## I. SUFFICIENCY OF THE FINDINGS

In the decision, the Commission recited the names of the witnesses who testified "favorably with regard to public need and convenience," incorporated the exhibits in the decision by reference, stated that the vice president of the applicant testified that he is familiar with the laws and regulations pertaining to the proper manner of sale of alcoholic liquors and that his interviewing of local residents indicated the necessity for a package store to serve the area need and convenience. After reciting

that the Commission may grant a license "if there is a finding that such license would serve public need and convenience," the Commission stated its decision as follows:

> "It is this 30th day of May, 1975, the Decision and Order of the Commission that the application be approved and the license issued in the interest of public convenience, provided the establishment is open for business by August 15, 1975; further that the corporation be required to submit a new financial within 30 days after the license is issued."

4 Del.C. § 541, which prescribes the manner of dealing with applications for liquor licenses provides in subsection (b) that "[t]he record shall include the evidence, the Commission's findings of fact, the Commission's decision, and a brief statement of the reasons therefor. The Commission's decision shall show the manner in which the Commission construed the law and applied it to the facts."

Subsection (c), dealing with appeals to this Court states, "[t]he Commission's findings of fact shall not be set aside unless the court determines that the record contains no substantial evidence that would reasonably support the findings."

Under these provisions, the Commission must make findings of fact which support the decision and these must do more than quote or paraphrase the statute. *Lyons v. Delaware Liquor Commission,* 5 Del.Gen.Sess. 304, 58 A.2d 889 (1948); *Delaware Alcoholic Beverage Control Commission v. Mitchell,* Del.Supr., 196 A. 2d 410 (1963). Here, the Commission made no findings of fact to support its decision. This requirement was not met and the decision cannot be upheld.

As an aid to the Commission in proceeding upon remand, the Court notes that factors which may properly be considered in the granting or denial of an application for license include: the character of

the locality, the reasons for the protests, the accessibility of other sales outlets. (*Lyons v. Delaware Liquor Commission,* supra) and the adequacy of proposed parking facilities as related to potential traffic hazards. *Application of Victor J. Nigro,* C.A. 1039, 1956, Opinion October 6, 1959.

## II. SUFFICIENCY OF STATUTORY STANDARD

Appellants contend that the delegation of license-granting power to the Commission is in violation of Article II, § 1 of the Delaware Constitution because inadequate standards and policies were provided by the General Assembly to govern the action of the Commission.

The argument was considered in *Lord v. Delaware Liquor Commission,* 2 Terry 154, 41 Del. 154, 17 A.2d 230 (1940), that the statute gave the Commission a general power to grant or refuse a license. The statute involved in *Lord,* §§ 6151 and 6153 of the Revised Code, 1935, is substantially the same as 4 Del.C. §§ 541 and 543. Judge Rodney concluded that the intent of the statute was to make available to a community "a reasonably convenient opportunity to legally purchase liquor . . .". In *Lyons v. Delaware Liquor Commission,* supra, the statute was attacked on the ground that it was invalid because it did not contain standards or controls for the guidance of the Commissioner in administering the statute. The Court of General Sessions held that the purpose of the statute as announced in *Lord,* the purpose to prevent widely recognized evils of the liquor business, as declared in *Darling Apartment Co. v. Springer,* 25 Del. 420, 22 A.2d 397 (1941), when considered in connection with the specific limitations in the statute, provided sufficient administrative guidelines.

Appellant distinguishes *Lyons* on the ground that it involved only the standards applicable to a refusal of a license. While *Lyons* did involve a refusal of a license,

*Lord* resulted in the granting of a license. The test applied in *Lord* was whether the granting of the license would provide for the community "a reasonably convenient opportunity to make a legal purchase of alcoholic liquor." This, the Court equated to the phrase "public convenience or necessity."

Appellant contends that no affirmative requirements as a prerequisite to the granting of a license are set forth in the statute. Certain factors are specified as requiring or permitting the refusal of the license. From these, appellants argue that a license must be granted unless one of the specified bars to a license is present, the license must be granted. It is well established that the action of the Commission must be in the exercise of sound discretion and upon judicial review it must meet that test. *Diamond State Liquors v. Delaware Liquor Commission*, 6 Terry 412, 45 Del. 412, 75 A.2d 248 (1950); *Caras v. Delaware Liquor Commission*, 8 Terry 268, 47 Del. 268, 90 A.2d 492 (1952).

 It is recognized that the control of the sale of alcoholic beverages is a singular area of the law, having been dealt with separately by constitutional provision. Delaware Constitution, Article XIII. Under the broad power conferred upon the General Assembly to control and regulate the sale of alcoholic beverages, I do not find that the General Assembly is required to exercise that control by inclusionary standards in preference to exclusionary standards. The real test is whether the action of the licensing authority meets the test of sound discretion in applying the policy and purposes of the statute, and if it meets that test, the constitutional standard is met. 45 *Am.Jur.2d, Intoxicating Liquors* § 161–2, pp. 602–4.

### III. MODIFICATION OF ORDER BY COMMISSION

The Commission's grant of a license to Magness was conditioned upon the liquor store being open for business by August 15, 1975. It was not open at that date. After this appeal was taken, the Commission granted an extension to Magness on July 10, 1975. Appellants contend that the Commission was without jurisdiction to do so and that the absence of notice and a hearing in regard to the extension constitutes a failure of due process.

 A decision of the Commission is final and conclusive ten days after notice thereof unless appealed. 4 Del.C. § 541(c). After the appeal is taken, the Commission is without jurisdiction to take action modifying or otherwise affecting the merits of the decision during the appeal. Since, by virtue of the appeal, the decision has not become final and conclusive, the Court may modify the Commission's decision and render appropriate judgment or it may remand for appropriate action. It is not necessary to consider the power of the Commission to modify the time condition in its order or the proper mechanics to accomplish this if the decision had become final and conclusive. That is not the situation here.

 The order of the Commission is hereby modified to strike the portion thereof after the words "public convenience". The Court notes that 4 Del.C. § 545 forbids the Commission from requiring an applicant to make improvements to the premises before the issuance of a license. Any time limitation imposed in an order granting a license should give recognition to the fact that upon appeal a decision of the Commission may not become final and conclusive until the final disposition of the appeal. 4 Del.C. § 541(c).

The decision of the Commission is set aside and the cause is remanded to the Commission to make proper findings of fact and decision consistent herewith.

It is so ordered.