TAX PAYERS ASSOCIATION OF LUBBOCK, Texas, and James G. Marshall, Appellants,

v.

CITY OF LUBBOCK, Texas, et al., Appellees.

No. 8911.

Court of Civil Appeals of Texas, Amarillo.

April 24, 1978.

Rehearing Denied May 22, 1978.

Templeton & Garner, Robert E. Garner, Amarillo, for appellants.

Fred O. Senter, Jr., James P. Brewster, Asst. City Atty., Lubbock, for City of Lubbock, Texas, appellees.

REYNOLDS, Justice.

A declaratory judgment validated all proceedings respecting the City of Lubbock, Texas, 21 May 1977 bond election and denied all relief sought in an action to set aside the election. The judgment is impervious to the attacks made on appeal. Affirmed.

The City of Lubbock, Texas, a home rule municipal corporation, enacted Ordinance No. 7429 calling a bond election to determine if the qualified voters would authorize the issuance of general obligation bonds totalling $26,435,000 under six propositions for permanent improvements. The first two of the six propositions were for the authorization of bonds (1) in the sum of $16,775,000 for the purpose of "constructing improvements and extensions to the City's waterworks system," and (2) in the sum of $3,303,000 for the purpose of "constructing improvements and extensions to the City's sanitary sewer system." Under each of the six propositions, the bonds were "to be issued and sold at any price or prices and to bear interest at any rate or rates as shall be determined within the discretion of the City Council at the time of issuance." Each of the six propositions submitted at the 21 May 1977 election was approved by an approximate 2-to-1 vote margin.

Tax Payers Association of Lubbock, Texas, and its president, James G. Marshall, brought an action against the city and its governing officials to set aside the bond election on the ground that the ordinance calling the election was legally defective. The city then instituted action sanctioned by Article 717m [1] to declare and determine the legality of all the bond proceedings.

Thereafter and before trial, the city, by Ordinance No. 7512, authorized the issuance of $2,720,000 general obligation bonds for permanent improvements, including improvements and extensions to the waterworks and sanitary sewer systems. As authorized, the bonds ". . . shall bear interest from date to maturity at per annum rates to be established at the time said bonds are sold (but in no event shall any bonds of this series bear interest at a rate in excess of 10% per annum) . . .."

Consolidating both actions, the trial court heard the matters without the intervention of a jury. The court rendered judgment declaring, after a particularization of findings, that all proceedings taken and proposed to be taken in connection with the bonds are valid and that all relief sought by Tax Payers Association and Marshall is denied.

Tax Payers Association and Marshall have appealed. Asserted are these major grounds: (1) the bond ordinances are invalid because of the failure to specify (a) a specific rate of interest for the bonds and (b) a specific purpose or purposes to be accomplished by the first two propositions; and (2) the court erred in failing to permit the reopening of the evidence or to grant a new trial because of newly discovered evidence.

[1] Appellants first assert that because Article 703(3), an 1899 enactment, reads that "[t]he proposition to be submitted shall distinctly specify . . . the rate of interest," and the city's charter mandates that its bonds "bear interest not to exceed six (6) percent per annum," the ordinances permitting an interest rate not to exceed ten per cent are invalid. The city responds that its ordinances are immune from that attack because Article 717k–2, enacted effective 11 September 1969 and in effect on the date of trial,[2] authorizes the issuance and sale of public securities "at any price or prices and bearing interest at any rate or rates, as shall be determined within the discretion of the governing body of the public agency" and "notwithstanding the provisions or restrictions of any general or special law or charter to the contrary," unless "otherwise specifically fixed by the Constitution."

The same issue and contentions divided the court in *Moore v. City of Corpus Christi,*

---

1. All references to articles are to the articles appearing as Vernon's Annotated Civil Statutes of Texas.

2. Amended effective 29 August 1977, Article 717k–2 (Supp.1978) now provides in Sec. 2 that "[t]he maximum rate of interest for any issue or series of public securities shall be a net

effective interest rate of ten per cent (10%), and any public agency is hereby authorized to issue and sell any issue or series of its public securities at any price or prices and bearing interest at any rate or rates (provided that the net effective interest rate does not exceed ten per cent (10%)) . . .."

542 S.W.2d 720 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.). The majority, rationalizing that Article 717k–2 was enacted to relieve legal restrictions on the rate of interest, held that the proposition itself is not required to state an exact rate of interest the bonds will bear. 542 S.W.2d at 724–25. The Supreme Court found no reversible error in the holding and, applied here, it determines the initial issue adverse to appellants' assertion.

■ Second, appellants submit that the only purposes alluded to in propositions 1 and 2 are too general and global to distinctly set forth the explicit purposes for which the bond money is to be spent. They argue that the voters were misled because the propositions, as worded, permit expenditures for general, unspecified purposes.

The requirement of Article 703(1) is that the proposition shall distinctly specify the purpose for which the bonds are to be issued, but there is no legal requirement that the proposition must describe each project contemplated. *Garcia v. Duval County*, 354 S.W.2d 237, 239 (Tex.Civ.App.—San Antonio 1962, writ ref'd n. r. e.). Thus, a legal and sufficient purpose is stated when the bonds are to be issued "for the purpose of improving and extending said City's Waterworks System," *City of Roma v. Gonzalez*, 397 S.W.2d 943, 945 (Tex.Civ.App.—San Antonio 1965, writ ref'd n. r. e.), or "to secure funds to aid in the construction, purchase, extension and improvement of" either "a waterworks system in and for the city" or "a sanitary sewer system." *Texsan Service Co. v. City of Nixon*, 158 S.W.2d 88, 90–91 (Tex.Civ.App.—San Antonio 1941, writ ref'd). Whether the voters will acquiesce to a proposition which does not include a specification of particulars is a matter addressed to their discretion. *Garcia v. Duval County, supra*, at 239. Accordingly, the purposes stated in the first two propositions are legally sufficient to withstand the attacks made on them.

And last, appellants charge the trial court with an abuse of discretion in failing either to permit reopening of the evidence or to grant a new trial because of newly discov-

ered evidence. The evidence alleged to have been discovered immediately following the trial is that 3.3 million dollars allocated out of a former bond issue for an interconnection between the city's power facility and a private power company were not expended on the interconnection, and, in fact, the interconnection has not been built.

■ To merit the relief denied, appellants were required to meet the criteria set forth in *New Amsterdam Casualty Company v. Jordan*, 359 S.W.2d 864, 866 (Tex. 1962). One criterion is that the evidence must have come to their knowledge since the trial. The very evidence claimed to have been discovered after trial was made a part of the city's original pleadings and was included in one of appellants' own exhibits introduced during the trial. In view thereof, and aside from whether appellants met the other criteria for relief, there was no abuse shown on the part of the trial court.

Whether mentioned or not, all facets of appellants' points of error have been considered. We do not find that reversible error has been presented. All points are overruled.

The judgment is affirmed.