

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 12, 2004

The Honorable Tempie T. Francis
Motley County Attorney
P. O. Box 7
Matador, Texas 79244

Opinion No. GA-0162

Re: Whether, if a county commissioners court invalidly set the county sheriff's salary at an amount higher than the increased proposed salary listed in the published notice, the county may pay the sheriff only the salary he received in the previous budget year (RQ-0108-GA)

Dear Ms. Francis:

You ask whether, if the Motley County Commissioners Court (the "Commissioners Court") invalidly set the county sheriff's salary at an amount higher than the increased proposed salary listed in the published notice, the county may pay the sheriff only the salary he received in the previous budget year.[1]

You state that, in the 2002-2003 fiscal year, the Motley County Sheriff (the "Sheriff") received an annual county salary of $21,440. *See* Request Letter, *supra* note 1, at 2. On August 7, 2003, the Commissioners Court published notice of a proposed increase in the county sheriff's salary in the local newspaper, the *Motley County Tribune*, in accordance with section 152.013 of the Local Government Code. *See id.*[2] The notice indicated that the county proposed increasing the Sheriff's salary for the 2003-2004 fiscal year to $24,000. *See id.* When the Commissioners Court adopted the budget, the budget included an annual salary of $25,826 for the Sheriff. *See id.*

In a letter to this office, the Sheriff indicates that the Commissioners Court actually approved this higher salary ($25,836) "before the notice was published" at a budget workshop held on July 31. Sheriff's Letter, *supra* note 2, at 1. The Sheriff further states that the County Judge "incorrectly filed and posted an amount lower than that which the Commissioners had voted on." *Id.* The increase

---

[1] *See* Letter from Honorable Tempie T. Francis, Motley County Attorney, to Honorable Greg Abbott, Texas Attorney General, at 1 (Sept. 10, 2003) (on file with Opinion Committee) [hereinafter Request Letter]; *see also* Letter from Honorable Tempie T. Francis, Motley County Attorney, to Honorable Greg Abbott, Texas Attorney General, at 1 (Oct. 13, 2003) (on file with Opinion Committee).

[2] *See also* Letter from Honorable James B. "Jim" Meador, Motley County Sheriff, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General, at 1-2 (Oct. 10, 2003) (on file with Opinion Committee) [hereinafter Sheriff's Letter].

in the Sheriff's salary was not discussed at the budget hearing on August 26, 2003, at which the budget was finally adopted. *See id.* at 2.

Section 152.013(a) of the Local Government Code requires a county commissioners court to set elected county officers' salaries "at a regular meeting of the court during the regular budget hearing and adoption proceedings." TEX. LOC. GOV'T CODE ANN. § 152.013(a) (Vernon 1999). Subsection (b) requires a commissioners court to publish special notice of proposed salary increases:

> Before the 10th day before the date of the meeting, the commissioners court must publish in a newspaper of general circulation in the county a notice of:
>
> (1) any salaries, expenses, or allowances that are proposed to be increased; and
>
> (2) the amount of the proposed increases.

*Id.* § 152.013(b).

Elected county officers' salaries may be changed "only once a year." Tex. Att'y Gen. Op. No. JC-0147 (1999) at 1. Based on section 152.013(a)'s plain language, this office "has repeatedly concluded" that a county commissioners court may consider and adopt elected county officers' salaries only during "the regular, annual budget hearing and adoption proceedings." Tex. Att'y Gen. LO-95-018, at 2; *see, e.g.*, Tex. Att'y Gen. Op. Nos. JM-839 (1988) at 6, JM-326 (1985) at 4, H-11 (1973) at 4. A county commissioners court may not change elected county officers' salaries "at any other time." Tex. Att'y Gen. LO-95-018, at 2.

This office also has determined that the required notice, posted under section 152.013(b), must inform the public of the "maximum potential salary increases for elected county . . . officials." Tex. Att'y Gen. Op. No. JC-0255 (2000) at 5. The section thereby "provides a mechanism for the public to scrutinize proposed salary increases for elected county and precinct officers" by requiring notice "of the potential amount of salary increases rather than just the mere fact that the commissioners court is considering increasing the salaries." *Id.* at 3. Salary increases above the published proposals are invalid because the public had insufficient notice. *See id.* at 5.

Because a commissioners court may not adopt salaries at a meeting outside of the "regular, annual budget hearing and adoption proceedings," a commissioners court that failed to publish proper notice has "no legal mechanism" by which to remedy an error after the budget has been finally adopted. Tex. Att'y Gen. LO-95-018, at 2. "As a result, county officers' salaries . . . must remain at last year's level until the next budget cycle." *Id.*

Accordingly, the salary adopted in the budget, $25,826, is invalid. The public had not received proper notice, as required by section 152.013(b), of that increase. The fact that the Commissioners Court had approved that amount in its budget workshop did not suffice because the notice listed $24,000 as the proposed increased salary.

Moreover, the Sheriff may not receive the amount that was published in the notice, $24,000. A commissioners court may act only by adopting an official order. *See Garcia v. Duval County*, 354 S.W.2d 237, 239 (Tex. Civ. App.–San Antonio 1962, writ ref'd n.r.e.). Here, the Commissioners Court did not vote, at its "regular meeting . . . during the regular budget hearing and adoption proceedings," to provide the Sheriff with a salary of $24,000. TEX. LOC. GOV'T CODE ANN. § 152.013(a) (Vernon 1999). Thus, the Sheriff may receive a salary only equal to the amount he received in the prior fiscal year, $21,440.

You also ask how the Commissioners Court may now increase the sheriff's salary, to either the published amount, $24,000, or the adopted amount, $25,826. In accordance with our prior opinions, we conclude that the Commissioners Court may not increase the Sheriff's salary until the next budget is properly adopted. *See* Tex. Att'y Gen. LO-95-018, at 2.

## S U M M A R Y

The Motley County Commissioners Court, which adopted a budget including a salary for the County Sheriff higher than that posted in the notice required by section 152.013(b) of the Local Government Code, may pay the Sheriff only the salary he received in the prior budget year. *See* TEX. LOC. GOV'T CODE ANN. § 152.013(b) (Vernon 1999). Because of the improper notice, the amount in the adopted budget is invalid. Additionally, the County may not pay the Sheriff the increased proposed salary listed in the published notice because the Commissioners Court did not vote, at its "regular meeting . . . during the regular budget hearing and adoption proceedings," to provide the Sheriff with that salary. *Id.* § 152.013(a). The Commissioners Court may not increase the Sheriff's salary until the next budget is properly adopted.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee