GEORGE W. LORD v. DELAWARE LIQUOR COMMISSION.

(*May* 8, 1940.)

LAYTON, C. J., and SPEAKMAN, J., sitting.

*Frederick P. Whitney* for appellant.

*William S. Potter* for appellee.

Court of General Sessions for Sussex County, April Term, 1940.

LAYTON, C. J., delivering the opinion of the Court:

On March 8, 1940, George W. Lord, the appellant, made application in due form to Delaware Liquor Commission for a license to sell alcoholic liquor, not for consumption on the premises, in a store in Bridgeville, Delaware. Prior to the application, on February 23, 1940, the Commission received a petition signed by more than ten property owners living in the community where the license was to operate protesting the granting of a license to any person or persons to sell alcoholic liquors in the town of Bridgeville. The protest, apparently, was made under the provisions of *Chapter* 188, *Volume* 42, *Delaware Laws, amending Section* 6150 *of the Revised Code of* 1935. The Section, as amended, now reads:

"The Commission shall examine all applications for license as promptly as possible, and if it shall appear that any application should not be granted, the commission shall so notify the applicant, stating the cause for refusal and returning the amount paid by the applicant.

"All applications for sale of Alcoholic Liquors received by the Commission shall be advertised in the County papers in which the application is made, at least twice, over a period of ten days and if there is no protest against the application, the Commission may consider the application upon their plan of procedure. Upon protest, signed by ten (10) property owners living in the community where said license is to operate then the Commission shall hold a hearing to consider said protest."

While it seems to be clear enough that the Commission has no jurisdiction to entertain a protest until an application for a license shall have been filed, nevertheless the protest was accepted by the Commission as one made in compliance with the law, and a hearing on the application was held at the office of the Commission in Wilmington, Delaware, on March 18, 1940.

On March 27, the Commission, by a letter signed by its Executive Secretary, notified the appellant that his application had been refused; and the cause for refusal was stated thus: "Since your application is opposed by so many

representative citizens of Bridgeville, and since the Town Council has passed a resolution opposing the granting of any license for the sale of alcoholic liquor in Bridgeville, the Commission believes that the granting of a license in the locality set out in your application is not demanded by public interest. For this reason we must disapprove your application and are returning herewith your deposit."

On April 10, 1940, the appellant filed his appeal; and on April 19, pursuant to an order issued by this Court, a copy of the record was transmitted to the Clerk of the Peace without certification as to its correctness.

■ We are unable to accept the record filed by the Commission as a sufficient basis for this appeal. The statute plainly provides for a hearing by the Commission on protests filed against applications for licenses. The Commission is the Commissioner. The authority of the Executive Secretary to conduct hearings is limited to the subject matter of *Section* 6134(10) *of the Code* in respect of the appointments of, or conduct of business in, an establishment where alcoholic liquor is licensed to be sold. Under the familiar rule of construction, that officer has no authority to conduct hearings on other matters. The record, therefore, is not one that can be recognized as having legal status.

■ Moreover, conceding, arguendo, the authority of the Secretary to conduct the hearing in question, the record is not acceptable for the reason that there is such an intermixture of incompetent and competent evidence as to make it impossible to determine whether the decision was justified. The larger part of the evidence against the granting of the application was in the form of individual letters, petitions, and a resolution of the Town Council of Bridgeville, received against proper and timely objection. It is entirely clear that weight was given to them.

■ The proceeding upon a remonstrance against the

granting of a license is in the nature of a civil action, and is governed by ordinary rules of judicial procedure. The rules as to the admissibility, weight and sufficiency of evidence obtaining generally in civil actions are applicable. 33 *C. J.* 549, 550.

It is important that such hearings be conducted with a reasonable regard for judicial procedure. Under *Section* 6151 *of the Code,* an applicant, upon refusal to grant a license, is given the right of appeal to the Court of General Sessions of the County of his residence. The statute is silent as to the procedure of the appeal. It would seem, therefore, that the Court may determine the procedure. The Court may hear the testimony of the witnesses; it may decide the case on the record; or it may remand the case for further hearing. There are sufficient reasons why the Court of General Sessions ought not to be burdened with the hearing of witnesses on these appeals. All of the members of that Court have their assignments in the Superior Court. All of them, in proper cases, sit in the Supreme Court. Some of them conduct the Orphans' Courts in the several Counties. They have many other duties imposed upon them by law, and demands on their time ought not to be unnecessarily increased. Moreover, it is unfair and unreasonable to impose upon applicants for licenses and upon remonstrants the burden of loss of time and of expense incident to another presentation of witnesses. In general, therefore, causes of appeal should be heard and determined from the record prepared and transmitted by the Commission; and if the rule be followed, as it should be, that the decision of the Commissioner will not be disturbed if there is reasonable evidence to support the decision, it should appear that the Commissioner not only heard the witnesses, but that his decision was based on such testimony as is recognized in law as evidence, and not on hearsay.

 While the merits of the instant case will not be considered, it may not be amiss to point out that while the Commission is undoubtedly vested with a certain discretion in the grant or refusal of licenses, yet that discretion is a sound judicial discretion, to be exercised on solid legal reasons, and not arbitrarily or capriciously. 33 *C. J.* 552. The Liquor Enforcement Act was not framed in the spirit of Local Option. It was apparently conceived on the theory that the public welfare would be better served by providing reasonable opportunities for the inhabitants of the State to obtain legally alcoholic liquors. The fact that a considerable number of representative citizens in a given locality oppose the granting of a license therein, while not to be ignored, is not, of itself, necessarily determinative of the conclusion that the granting of a license is not demanded by public interest.

 We venture also to express the opinion that considerations of fairness and justice require that hearings on protests be held in the County where the license is to operate. Both the applicant and the remonstrants are entitled to have their cases presented to the Commission without demanding of them an unreasonable loss of time or unnecessary expense.

The case will be remanded to the Delaware Liquor Commission for further hearing in conformity herewith, and an order will be entered accordingly.