NORMAN M. ROGERS v. DELAWARE LIQUOR COMMISSION.

*(July* 22, 1952.)

CAREY, J., sitting.

*Daniel J. Layton, Jr.,* for appellant.

*Daniel J. Layton, Sr.,* for appellee.

Superior Court for Sussex County.

CAREY, Judge.

The question here presented is whether the Court itself should conduct a hearing or should remand the case to the Com-

mission for that purpose, notwithstanding the agreement of counsel.

The acts governing appeals are Sections 6150 and 6151 *Revised Code* 1935, as amended by 43 *Laws of Delaware, c.* 275, *p.* 1129 and 45 *Laws of Delaware, c.* 262, *p.* 982. The present statute contains these words: "In every such appeal the cause shall be decided by the Court from the record, without the aid of a jury; and the Court may affirm, reverse or modify the Commission's decision. The Commission's findings of fact shall not be set aside unless the Court shall determine that the record contains no substantial evidence that would reasonably support the said findings. If the Court finds that additional evidence should be taken, the Court may, in its discretion, take the additional evidence or remand the cause to the Commission for completion of the record."

The quoted language of the Act brings two thoughts to mind concerning the procedure. The first is that the Act does not flatly direct the Court to take additional evidence or to remand the record for completion merely because the appellant makes such a request. On the contrary, the Act confers discretionary power upon the Court to do so only if it finds that the additional evidence should be taken. In the present instance, however, we need not pause to discuss this angle, since counsel for both parties are understood to agree that the additional testimony is such that it ought to be taken and considered either by the Court or the Commission.

The second thought, or question, is when should the testimony be heard by the Court and when by the Commission? In my opinion, the statute points out the answer, at least so far as concerns this appeal. Although it gives the Court some discretion, it nevertheless inferentially requires that the evidence and testimony in the instant case be heard and considered by the Commission rather than by the Court.

The original statute simply granted a right of appeal to a disappointed applicant. It provided no procedure, nor did it

indicate whether the appeal was to be a trial *de novo*. In *Lord v. Delaware Liquor Commission*, 1 *Terry* 436, 13 *A*. 2d 436, strong reasons were given why the Court should not ordinarily be burdened with the hearing of witnesses on these appeals. Those reasons, based upon important practical considerations, are perhaps even more persuasive today than they were in 1940. The Court therein concluded that usually such appeals should be heard and determined from the record prepared and transmitted by the Commission, and that its decision should not be disturbed if there is reasonable evidence to support it.

The *Lord* decision was an announcement of policy not specifically required by the statute. Under the cited amendments thereafter adopted, the legislative intent as to the practice was clarified. We now have a specific mandate forbidding the Court to set aside the Commission's findings of fact unless it is found that the record contains no substantial evidence reasonably supporting them. In other words, the hearing on the appeal is not a trial *de novo*. The permission given the Court to take *additional* evidence in its discretion is not intended as a device whereby the Court may be called upon to act as a substitute for the Commission in deciding whether or not a license should be granted; that power was no doubt conferred to avoid the necessity of remanding a case where a party has overlooked proof of some formal matter or where a party desires to supplement the record in some more or less minor respect. Clearly, where the requested hearing would amount to a trial *de novo*, the Commission, not the Court, should hold it.

In the present status of this case, every consideration aside from the statute itself demands that the evidence be taken by the Commission rather than by the Court. The only evidence now in the record is the inspector's report. Oral testimony may disagree with statements contained in that report. It is the function and responsibility of the Commission to determine which is true. Again, the oral testimony may present reasons not suggested by the inspector's report why a finding of public necessity and convenience should be made. The duty of balancing those

reasons, pro and con, and of determining the result rests upon the Commission, not upon the Court.

The proper action in this matter is to remand the case to the Commission with an appropriate direction. An order to this effect may be submitted.