LAWRENCE DEMARIE, Applicant, appellant, v. DELAWARE ALCO-HOLIC BEVERAGE CONTROL COMMISSION, Defendant, appellee.

(*June* 19, 1958.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*William H. Bennethum* and *Henry J. Ridgely* for appellant.

*George Gray Thouron* for appellee.

Supreme Court of the State of Delaware, No. 49, 1957.

BRAMHALL, J.:

This appeal relates (1) to the right of the Delaware Alcoholic Beverage Control Commission to deny without hearing an application for a liquor license and (2) to the sufficiency of the record before the Commission to warrant the findings of fact made by that body.

Appellant, a resident of Dover, Delaware, filed with the Commission an application for the issuance of a liquor license authorizing appellant to purchase alcoholic liquor for resale for consumption off the premises. Subsequently a protest to the granting of the license was made. Although appellant's attorney was notified by the Secretary of the Commission that a hearing would be held in due course, the Commission denied the application of appellant without hearing. Upon appeal to the Superior Court the order of the Commission was affirmed. An appeal to this Court followed.

In the briefs filed by appellant in this Court the following questions are indicated: (1) was appellant entitled to a hearing?; (2) Were the findings of fact of the Commission sufficiently substantiated by the record?; (3) What was the effect of the letter from the Secretary of the Commission advising appellant's attorney that a hearing would be held and that appellant's attorney would be given due and timely notice?

(1) Was appellant entitled to a hearing? Appellant contends that he is entitled to a hearing, first, by virtue of the provisions of 4 *Del. Code* 1943, § 541; secondly, because of his statutory right of appeal, which he contends necessarily presupposes a hearing in order to establish a record; and, lastly, in the absence of protest or appeal, because of an inherent right to be heard.

We shall first consider appellant's right of appeal under the statute.

In 4 *Del. C.* 1953, § 541, it is porvided, in part, as follows:

(a) "The Commission shall examine all applications for license as promptly as possible, and if it appears that any application should not be granted, the Commission shall so notify the applicant, stating the cause for refusal, and shall return the amount paid by the applicant.

(b) "If the Commission has determined to grant an application, but before the issuance of the license applied for and within ten days of the filing of the application, a protest against the issuance of the license, signed by at least ten residents of the neighborhood where the license is to operate, has been filed with the Commission, then a hearing shall be held to consider the application and protest. Ten days' notice of the hearing, together with a recital of the protest, shall be sent by registered mail to the address of the applicant, and a notice of the time of the hearing shall be sent to each of the persons who signed the protest. The hearing shall be conducted by the Commission and a record of the hearing shall be made and kept by the Commission. The record shall include the evidence, the Commission's findings of fact, the Commission's decision, and a brief statement of the reasons therefor. The Commission's decision shall show the manner in which the Commission construed the law and applied it to the facts."

Appellant interprets subsection (b) as meaning that if the application for a license is not refused under the provisions of subsection (a) and there are protests filed, there shall be a hearing. He interprets the language in subsection (b), "if the Commission has determined to grant an application," as meaning, "if the Commission has determined not to refuse a license under paragraph (a)." In other words, he says that regardless of the language of the statute, whenever a protest is filed, there must be a hearing. In support of his contention he cites the cases of *Diamond State Liquors v. Delaware Liquor Commission, 6 Terry* 412, 75 *A.* 2d 248; *Lord v. Delaware Liquor Commission, 2 Terry* 154, 17 *A.* 2d 230; *Lord v. Delaware Liquor Commission, 1 Terry* 436, 13 *A.* 2d 436.

We do not agree with appellant's contention. As we read these two subsections the language is clear and needs no construction. Subsection (a) relates to the processing of applications where no protest has been filed. Subsection (b) purports on its face to govern those cases where the Commission, but for the filing of a protest, would have granted the application for a license. In the latter subsection we suggest that the words, "If the Commission has determined to grant an application", are synonymous with the words, "In the event that the Commission has determined to grant an application." As thus paraphrased it becomes clear that only when the Commission has determined, except for the filing of a protest, to grant an application, is it provided that the Commission must give the persons making the protest an opportunity to present their objections. The statute does not provide for a hearing in any other eventuality and no implication to that effect may be read therein.

If we accept the contention of appellant that the meaning of subsection (b) is obscure and in need of construction, such finding would not be helpful to appellant. The fact that provision for a hearing is made under one condition and not under other conditions can raise no implication that the Legislature intended that the Commission hold a hearing in all cases where there is a protest. *Darling Apartment Co. v. Springer*, 25 *Del. Ch.* 420, 22 *A.* 2d 397, 137 *A. L. R.* 803; *State ex rel. Billado v. Wheelock*, 114 *Vt.* 350, 45 *A.* 2d 430; *Crowley v. Christensen*, 137 *U. S.* 86, 11 *S. Ct.* 13, 34 *L. Ed.* 620.

When we consider this section of the statute historically, the purpose of the Legislature becomes clear. In the original Act creating a Commission for the manufacture, distribution, sale and transportation of alcohol, liquor, wine, and beer, passed in 1933 (*Laws of Delaware* 1933, ch. 18, p. 91), it is provided that the Commission shall examine all applications for licenses as promptly as possible, and if it shall appear that any application should not be granted, the Commission shall notify the applicant, stating the cause for refusal and return the amount

paid by him. In several following sections there is set forth the grounds upon which the Commission may refuse to issue a license to an applicant. Then follows a section providing for an appeal to the Court of General Sessions (now the Superior Court). Although every step in the proceedings relating to an application for a license is set forth in the minutest detail, the statute is completely silent as to the right of hearing on the part of either an applicant, a protestant or the Commission itself. This section appears unchanged in the 1935 *Code* (6150, Sec. 21). In 1939 (*Laws of Delaware* 1939, ch. 188, p. 395) an additional paragraph was added providing that the application for license shall be advertised in the County paper, and, if no protest is filed, the Commission may then proceed to consider the application. Then we find the following language: "Upon protest, signed by ten (10) property owners living in the community where said license is to operate then the Commission shall hold a hearing to consider said protest." Of course, under this amendment a hearing is mandatory in the event a protest shall be filed. In 1941 (*Laws of Delaware* 1941, ch. 275, p. 1129) the above language was stricken and subsection (b) as it now appears in the 1953 *Code* was added.

It will be seen from an examination of these Acts that historically the situation relative to hearings is somewhat as follows: Originally no provision was made for a hearing in any case; later, upon protest, a hearing became mandatory; the Act as finally amended provided that a hearing should be mandatory in those cases only where the Commission, except for the protest, had intended to grant the license. This must be so because the change in the matter of hearing was always the purpose for which each amendment was passed. The cases cited by appellant in his brief have no application here, since those decisions were rendered during the period prior to the present amendment to the statute when, after the filing of a protest, a hearing was mandatory.

As to appellant's contention that right of a hearing is implied because of his statutory right of appeal and that, even

absent any protest or right of appeal, he is entitled to a hearing, we think that appellant's argument is without merit. As we understand his reasoning, appellant argues that since administrative agencies are a necessity in our present system of government, they should be permitted to operate only under the glare of public scrutiny so that any undesirable results that might flow therefrom may be kept to a minimum. We see the force of appellant's contention, but, as we view this matter, it is a problem for the Legislature, not the courts. The statute is silent as to the right of hearing in any case other than a case in which a protest has been filed where the Commission had previously intended to issue the license. It is generally an accepted doctrine that the manufacture and sale of intoxicating liquors is not an inherent or constitutional right. It is merely a privilege which the State may grant, or which it may take away or which it may regulate. The manner and extent of the regulation rests within the sound discretion of the granting authority. Under proper rules and regulations it may even grant such authority to some and deny it to others. *Darling Apartment Co. v. Springer, supra; State ex rel. Billado v. Wheelock, supra; Crowley v. Christensen, supra.* The cases cited by appellant are inapposite. As heretofore noted, the *Lord* case was decided prior to the present amendment, when a hearing was compulsory in all cases of protest. In the *Rogers* case, *Rogers v. Delaware Liquor Comm.*, 8 *Terry* 275, 90 *A.* 2d 668, both sides had agreed that there should be a hearing; the question was whether it should be held before the Commission or before the Superior Court.

■ (2) Is the finding of the Commission substantiated by the record? Appellant contends that the findings of fact of the Commission are mere generalizations, not supported by the record, and therefore cannot stand. The Commission gave as its reasons for the decision which it reached the following findings of fact: "(1) There are already sufficient licensed premises in the locality to provide the people who live in the community with a reasonably convenient opportunity to make a legal purchase of alcoholic liquors; (2) There is insufficient unsupplied

public demand in the locality for the sale of alcoholic liquors." Appellant says that there is no testimony in the record in support of these findings and that a map with explanatory information attached thereto filed by the Commission as a part of the record in this case showing the location and distances of other licensed places in the community from the place proposed to be occupied by appellant is so indefinite and obscure as to be incomprehensible.

We agree that the copies of the map with explanatory sheet attached as set forth in the joint appendix are quite confusing. However, when we inspect the original map and the explanatory sheet attached thereto, we find that this confusion is largely cleared up. It is shown by this map and attached sheet that there are twenty-seven licensed places located within a distance of five miles from the site proposed to be occupied by appellant, a number of which are within a distance of one mile therefrom. This map and attached sheet constitute a part of the record in this case.

The granting or refusal of an application for a license is a matter resting within the sound discretion of the Commission. *Caras v. Delaware Liquor Commission,* 8 *Terry* 268, 90 *A.* 2d 492. Its decision, if based upon proper evidence as set forth in the record and made in the exercise of sound discretion, will not be disturbed. *Diamond State Liquors v. Delaware Liquor Commission,* 6 *Terry* 412, 75 *A.* 2d 248. With the record in this case showing the large number of licensed places within a distance of five miles and a substantial number within the distance of one mile or less from the proposed location of appellant, we cannot say that in refusing an application for a license the Commission acted arbitrarily or that its finding of fact with respect to the sufficiency of licensed places in the community is not reasonably supported by the evidence.

(3) What was the effect of the letter from the Secretary of the Commission advising appellant's attorney that a hearing would be held and that appellant's attorney would be given

due and timely notice thereof? Appellant weaves an ingenious argument out of the first sentence of subsection (a) of Section 541, regarding the decision of the Commission to issue a license and the filing of a protest before its actual issuance. Appellant relates this section to the subsequent request of one of appellant's counsel for a hearing and the reply thereto from the Secretary of the Commission, in which it was stated that a hearing would be held. He reasons in this fashion: In view of the letter from the Secretary of the Commission stating that a hearing would be held, the Commission must have at some time decided to issue a license; upon the filing of a protest it therefore became mandatory upon the Commission to fix a hearing; the Commission, having at one time determined to issue a license to appellant and having also determined to fix a hearing, could not change its mind with respect to either decision without reasonable cause.

This is an ingenious but specious argument. The record in this case fails to show any action by the Commission on the application prior to the denial of the application. We must assume that had the Commission determined to grant the license a record of the decision would have been made and the record would have been before us. Certainly the secretary had no authority to make any decision himself. The letter of the secretary does not indicate that the Commission had acted upon the matter; it merely states that since a protest has been received, it would be necessary for a hearing to be held. The secretary may well have assumed, erroneously, that the mere filing of a protest made a hearing necessary.

We think there is no substance in this argument.

The judgment of the Superior Court affirming the order of the Commission is affirmed.