DELAWARE ALCOHOLIC BEVERAGE CONTROL COMMISSION, Appellant, v. LITTLETON P. MITCHELL, Appellee.

(*December* 19, 1963.)

WOLCOTT, Justice, SEITZ, Chancellor, and SHORT, Vice Chancellor, sitting.

*George Gray Thouron* for appellant.

*Louis L. Redding* for appellee.

*E. Norman Veasey,* Chief Deputy Attorney-General, for the State, Amicus Curiae.

Supreme Court of the State of Delaware, No. 53, 1963.

WOLCOTT, Justice.

This is an appeal from a judgment of the Superior Court reversing an order of the Delaware Alcoholic Beverage Control Commission denying Littleton P. Mitchell's application for a license to sell alcoholic liquor for consumption both on and off premises in Delaware City.

Mitchell applied to the Commission for the license by filling out and submitting the required application form. In compliance with 4 *Del. C.* § 524, a notice of intention to apply for the license was published. As a result of the publication a protest against issuance of the license signed by 26 objectors was filed with the Commission. No hearing on the application was held by the Commission since 4 *Del. C.* § 541(b) only requires that a hearing be held if the Commission has determined to grant the application. No point of a lack of formal hearing before the Commission is made by the applicant.

The Commission caused an investigation of the application to be made by its staff. This investigation disclosed that there were then four licensed outlets for the sale of alcoholic liquors within one mile of the applicant's proposed premises, and that there were a church and school in close proximity to the applicant's proposed location.

Purportedly, upon the basis of the facts established by the staff investigation, the Commission denied the applicant a license for the reasons: (1) that there were sufficient licensed premises in the locality to supply the community with reasonably convenient opportunity to purchase alcoholic liquor legally, and (2) that there was insufficient unsupplied demand in the locality for the sale of alcoholic liquor.

The applicant appealed to the Superior Court. The asserted grounds of appeal were that (1) the Commission abused its discretion in denying the license without just cause, and (2) the Commission committed factual error in finding that there were sufficient licensed premises in the locality for the satisfaction of public convenience or necessity.

In the statement of reasons filed in support of his appeal, the applicant alleged that in the Town of Delaware City or its immediate environs there were no licensed premises which sold alcoholic liquor to Negroes for consumption on the premises, and that there are about 350 Negroes living in the community. Secondly, it was alleged that the premises in question on which the applicant proposed to exercise the applied-for license had for many years been licensed for sales of liquor for consumption on and off premises, and that a church and school existed at the same distances from the premises as at the time the current application was made. Accordingly, the applicant argued that the denial to him of a license by the Commission amounted to a denial of the equal protection of the law to Negro residents of the community.

The appeal came on before the Superior Court and after a certain amount of preliminary proceedings a hearing was held at which a substantial amount of evidence was received, presumably pursuant to the provisions of 4

*Del. C.* § 541(c), which authorizes in part the Superior Court, if it finds "that additional evidence should be taken, * * * [to] take the additional evidence or remand the cause to the Commission for completion of the record."

At the hearing thus held the Chairman of the Commission testified to the effect that the issuance of a license to the applicant was denied not for the reasons stated in the findings of the Commission from which the appeal was taken, but because of an objection telephoned to the Chairman by the then Superintendent of the Governor Bacon Health Center. The Superintendent objected to the issuance of the license by reason of the proximity of the premises to the Governor Bacon Health Center, an institution where, *inter alia*, alcoholics are under treatment. The fact of this objection does not appear in the record made before the Commission.

In substance, therefore, the Chairman of the Commission repudiated the assigned reasons for the denial to the applicant of a license. Furthermore, it does not appear that the telephoned objection by the then Superintendent of the Bacon Health Center was communicated to the other members of the Commission. But it is clear that the objection thus communicated was not made a part of the record before the Commission upon the basis of which the appeal was taken.

We are not clear as to the propriety of the Chairman of the Commission testifying at the hearing conducted before the Superior Court and apparently speaking for the Commission as a whole. We note that he was called as a witness for the Commission, but we pass over the question as to the propriety of this testimony, and of his right to speak for all the members of the Commission. The fact is, however, that his testimony

impugned the record reasons given by the Commission for its decision. The result, therefore, is that the decision of the Commission cannot be permitted to stand on the record made before it. *Lord v. Delaware Liquor Commission*, 1 Terry 436, 13 A.2d 436; *Lyons v. Delaware Liquor Commission*, 5 Terry 304, 58 A.2d 889; *Park Distributing Co. v. Delaware Liquor Commission*, 5 Terry 6, 54 A.2d 551.

In the light of this development, therefore, the Superior Court would have been justified in reversing the decision of the Commission and remanding the case to it for a determination of the facts and the correction of the record to show the real cause for the denial of the license. Indeed, it might well be said that this was the proper course to take. This, however, the Superior Court did not do. It took extensive testimony—in fact, conducted a trial *de novo*—and ultimately made its own factual findings and directed the issuance of a license for reasons entirely dissimilar from those given by the Commission.

While 4 *Del. C.* § 541(c) authorizes the Superior Court on appeal to take additional evidence, we think it does not provide for appeal to the Superior Court by way of a trial *de novo* of the factual issues, and the making of new findings with respect thereto—particularly when none of the evidence thus taken has been presented to the Commission, and when it has never been called upon to exercise its judgment with respect thereto. We think it clear that § 541(c) does not authorize the Superior Court, in the guise of taking additional testimony, to hold a new trial and to make new and additional findings supplying a statutorily-recognized ground for denying an application, or demonstrating the nonexistence of such a statutory ground unless, perhaps, in the unlikely situation of a reason inappropriate to be submitted to the Commis-

sion. The statute contemplates that findings shall be made in the first instance by the Commission in the exercise of its discretion, and shall be reviewable on appeal upon the record made before the Commission.

The act casts upon the Commission the initial function of making findings of fact upon which its decision must be based. On appeal, 4 *Del. C.* § 541(c) specifically directs the Superior Court to decide the appeal "from the record." It further provides that the Commission's findings of fact shall not be set aside unless there is in the record "no substantial evidence" to support them. It thus becomes plain that the authority given the Superior Court to take additional evidence to complete the record is limited by the requirement that in the first instance the evidence be passed upon by the Commission. Certainly it does not authorize the Superior Court to take evidence upon issues not raised by the record before it and supply entirely different grounds for either the grant or refusal of a license. Generally speaking, for the purpose of affirming, reversing or modifying orders of an administrative commission, an appellate court may not intrdue upon the statutory function of the Commission. *Securities and Exchange Commission v. Chenery Corp.,* 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626.

From the evidence before it the Superior Court found as a fact that there were no licensed premises in the Delaware City area which sold alcoholic liquors to Negroes for consumption on the premises. It now appears before us, at least from the statement of counsel, that at the time the Commission made its ruling, it had no knowledge of the fact that the applicant was in fact a Negro, or that other licensed premises in the area refused to serve Negroes. The record before the Commission supports this fact, at least negatively, because nowhere does it appear

in it that the applicant is a Negro.

From the foregoing it seems plain that the Superior Court should have reversed the order of the Commission and remanded the cause to the Commission. However, the question then immediately would arise as to what instructions the remand should contain. 4 *Del. C.* § 541 seems in terms to require the Commission to hold a hearing only when it has received protests to the granting of a license but has nevertheless concluded to grant one. 4 *Del. C.* § 541(b). There is no provision made in 4 *Del. C.* § 541(a) for the holding of a hearing when the Commission has concluded to deny a license.

However, 4 *Del. C.* § 544 grants to every applicant the right of appeal from the denial by the Commission of his application for a license. We think the General Assembly in granting the right to appeal and in conferring upon the Superior Court the power to affirm, modify or reverse the Commission's decision could not have intended the grant of such authority to be sterile. Since the practicality of appellate review compels it, we think on remand the Commission can be instructed to hold a hearing upon issues not yet presented to it.

Furthermore, we think, while 4 *Del. C.* § 541(a) does not provide for a hearing before the Commission at the request of a disappointed applicant, 4 *Del. C.* § 309, authorizing the Commission to make regulations for the conduct of its business, would permit it by regulation to provide within appropriate limitations for a procedure by which an applicant could request reconsideration by the Commission of the denial of a license. We suggest to the Commission the desirability of such a regulation to prevent for the future appeals such as this one, in which all the pertinent facts apparently were not considered, and where the real cause for denial was not made part

of the record.

Since we will remand this cause to the Superior Court with instructions to remand to the Commission, and since the action of the Superior Court has brought to light several questions which may be presented to the Commission upon remand, we mention them briefly for the guidance of the Commission at the hearing it necessarily will hold.

The Superior Court excluded from evidence the testimony of the present Superintendent for the Governor Bacon Health Center to the effect that the existence of licensed premises for the sale of alcoholic beverages directly across the street from the Governor Bacon Health Center, the place of treatment of alcoholics, was a most undesirable situation to permit.

We think the evidence of the Superintendent was properly excluded by the Superior Court for the reason that it had not been presented to the Commission, at least as far as the record shows and, hence, if accepted by the Superior Court as a reason for the refusal of a license would have been the finding of a different ground for the refusal. As we have pointed out, this is beyond the power conferred upon the Superior Court sitting on appeal. Having been received, however, this evidence might well have justified the remand by the Superior Court of the case to the Commission for consideration of it.

The applicant argues that even if the testimony of the present Superintendent had been accepted, it would not have been a proper statutory basis for denying the application and, hence, it would be a futile gesture to send the case back to the Commission for consideration in the light of this circumstance.

Since, however, we are of the opinion that the case must go back to the Commission in any event for a proper consideration of the facts and circumstances, we think the Commission is free upon remand to consider and dispose of this asserted ground for denial on the facts or the law, as in its judgment seems proper.

Similarly, the evidence taken by the Superior Court as to the fact of the lack of means available to Negroes in the community for the purchase and consumption of alcoholic beverages on premises should have led to a remand of the case to the Commission for a consideration of these circumstances since it was clear from the record on appeal that these facts, if not unknown to the Commission, had not been at least called to its attention in this case.

It is now stated to us to be the fact that none of the present licensees in the Delaware City area discriminates racially. If this be the fact, then it also is a matter to be considered by the Commission upon remand of the case in determining the question of public convenience and necessity.

It also now appears that the premises for which applicant seeks a license were in fact for a number of years the location of a similar license. It does not appear that this fact, which we think of some importance, was given any consideration by the Commission. On remand, this fact should be taken into consideration by the Commission in making its decision.

Finally, the Superior Court ordered the Commission to grant a license to this applicant on the ground that to refuse to do so would be violative of the Fourteenth Amendment to the Constitution of the United States. We are of the opinion that the decision of this Court in *State v. Brown*, Del., 195 A.2d 379 is dispositive of this issue

contrary to the decision of the Superior Court. It further directed the Commission to include as a condition of the grant of any license for the sale of alcoholic beverages a proviso to the effect that no discrimination on racial grounds would be made by the licensee. This ruling was made on the theory that in licensing the sale of alcoholic liquors State action was involved which required the State or its agency to insure that no racial discrimination would be practiced. In our view this was not a proper matter for decision in the context of this case.

The judgment below, therefore, will be reversed and the cause remanded with instructions to remand the case to the Commission with instructions to hold a hearing and to determine the various factual issues mentioned in this opinion, and to make findings of fact in compliance with the statute, and to set forth the precise grounds upon which the Commission decides either to issue or deny a license to the applicant.