**DELAWARE ALCOHOLIC BEVERAGE CONTROL COMMISSION and Colonial Corporation of Delaware, Inc., Appellants,**

v.

**Emmitt ALLEN, Guy Vernon Simpson, Alethia Mosley, Franklin M. Moody, Luther Tompkins, Roosevelt Brown, Lucille Dickerson, Robert Gross, Floyd Demby, Franklin Mosley, William McKinley and Addie Tompkins, Appellees.**

Supreme Court of Delaware.

March 3, 1967.

William T. Lynam, III, Wilmington, for Delaware Alcoholic Beverage Control Commission nominal party.

Albert L. Simon, Wilmington, for Colonial Corporation of Delaware, Inc.

Leonard L. Williams, Wilmington, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from an order of the Superior Court reversing the grant of an

on-premises liquor license by the Delaware Alcoholic Beverage Control Commission (hereafter Commission) to the applicant, Colonial Corporation of Delaware, Inc. The Superior Court reversed the Commission "since the record contains no substantial evidence" to support the findings of the Commission.

The application for a taproom license was for the premises No. 825–827 East 28th Street, Wilmington. The premises are located in a residential and commercial district. No taproom liquor outlets are located within four blocks of the premises. A Presbyterian Church is located within 722 feet of the premises. Within six and one-half blocks of the premises there is the George Gray Elementary School and within seven blocks there is located the Northeast Elementary School.

The neighborhood in question had a voting-age population of 562, of whom 271 signed a written protest against the granting of the license. In addition, written protests were filed by the Price's Run Community Council and the Wilmington Federation of Neighborhood Associations and Councils.

The Commission had before it a map showing existing liquor outlets within a four-block area of the premises prepared by its staff, a report as to the condition of the premises by one of its inspectors, and the testimony of four witnesses, three of whom appeared for the protestants and one of whom, its president, appeared for the applicant. The testimony in behalf of the protestants ranged from the lack of need of an additional liquor outlet in the area, to the unfavorable impact of such an outlet on the neighborhood, to opposition on religious and moral grounds. The applicant's president testified as to the interior facilities of the premises and promised that an orderly place would be maintained.

Upon the evidence before it, the Commission "decided that the present facilities for serving the public are inadequate in this neighborhood and that public convenience and necessity would demand that a license of the kind applied for herein be granted."

The Superior Court held that there was no substantial evidence before the Commission to support its finding as to inadequacy of outlets and demand by the public.

On appeal from the Commission the Superior Court is required by 4 Del.C. § 541(c) to decide the appeal on the record made before the Commission. § 541 further provides that the Commission's findings shall not be set aside unless there is "no substantial evidence" to support them. Delaware Liquor Commission v. Mitchell, Del., 196 A.2d 410. Therefore, the function of the Superior Court on appeal from the Commission, and of this Court on appeal from the Superior Court, is to examine the record to determine whether or not the Commission's findings are based on substantial evidence. Stewart v. Delaware Liquor Commission, 6 Terry 363, 74 A.2d 472; DeMarie v. Delaware Liquor Commission, 1 Storey 206, 143 A.2d 119; Delaware Liquor Commission v. Mitchell, supra.

The evidence before the Commission consisted mainly of the map prepared by the Commission's staff and the testimony of the protestants. While protests to the granting of a license are not dispositive of the matter, they are nevertheless of importance because they indicate an absence of demand for the outlet in the locality. Lyons v. Delaware Liquor Commission, 5 Terry 304, 58 A.2d 889.

In reality, the only admissible evidence before the Commission was to the effect that there was no public convenience and necessity which required the grant of the applied-for license. This came about by reason of the failure of the applicant to offer any admissible evidence as to the existence of any such demand. There was, therefore, not only no substantial evidence, but there was no evidence at all to establish such a demand. It follows, therefore, that the Commission committed error in

granting the license, and that the Superior Court committed no error in reversing the Commission.

The applicant, however, in this appeal seeks to enlarge the record by reference to the actual physical condition of the neighborhood and related matters, but these do not appear in the record and so may not be considered. The fact that these matters may have been known to the Commission is immaterial, for its decision by law must be based solely on the record before it. Cf. Fitzsimmons v. McCorkle, Del., 214 A.2d 334.

The testimony of the applicant's president to the effect that a number of people in the neighborhood wanted to testify in favor of the application but did not appear because of pressures brought against them is clearly inadmissible in evidence. It must be remembered that in hearings before the Commission it is bound by the rules of evidence governing civil proceedings generally. Cf. Lord v. Delaware Liquor Commission, 1 Terry 436, 13 A.2d 436.

The judgment of the Superior Court is affirmed.