**Applications of X–CHEQUER INN, INC., a Delaware Corporation, for License to Sell Alcoholic Liquors in a Club for Consumption Both On and Off The Premises Where Sold, Located at 8 North Race Street, Georgetown, Delaware, and to Sell Alcoholic Liquors to its Members to be by Them Kept in Separate Lockers or Compartments on Such Premises.**

Superior Court of Delaware.

Sussex.

March 22, 1967.

Roy S. Shiels, Herman C. Brown, Brown & Brown, Dover, for appellees.

Thomas S. Lodge, Esquire, Connolly, Bove & Lodge, Wilmington, Houston Wilson, Georgetown, for appellants.

QUILLEN, Judge.

This is an appeal from the decision of the Alcoholic Beverage Control Commission which granted the Application of X-Chequer Inn, Inc., for an on-premises license.

The appellee, X-Chequer Inn, Inc., is a private club located in Georgetown. A public hearing was held at which testimony was taken regarding the application and the need of the club for a liquor license. The Commission made certain findings of fact and granted the club a license to sell for consumption on the premises pursuant to 4 Del.C.Ann. § 541. Certain of the protestants below have appealed from this decision.

Initially, a procedural point must be disposed of. The appellee has challenged the validity of the appeal because it was not taken by ten of the protestants below. Application of Pepper, 4 Terry 568, 54 A.2d 173 (Gen.Sess.1947). The appeal in that case was under the 1935 Code, § 6150, as amended by 43 Delaware Laws, c. 275 Section 2. The pertinent portion of the Code read at that time as follows:

"The Commission's decision shall be final and conclusive unless within ten days after notice thereof the parties to such hearing shall appeal to the Court of General Sessions of the county in which the license would operate."

Judge Carey held that the word "parties to such hearing" necessarily meant the protestants. He went on to hold further that since the collective term was used, an

appeal must be taken by at least ten protestants because the Legislature, in another section, required a protest by at least ten persons initially to secure a hearing before the Board.

During the 1953 Recodification, the word "parties" was changed to "a party". The pertinent sentence now reads as follows:

> "The Commission's decision shall be final and conclusive unless within 10 days after notice thereof a party to such hearing shall appeal to the Superior Court of the county in which the license would operate." 4 Del.C. § 541(c).

This Court feels that it is clear that the unambiguous change in wording requires a different result than was reached in the *Pepper* case. Indeed, a reading of Judge Carey's opinion in the *Pepper* case highlights the reliance he placed on the collective term then used in the statute. The fact that the change in the statute occurred during the General Recodification rather than by a specific amendatory act is of no moment since the Code itself is positive law. Monacelli v. Grimes, 9 Terry 122, 99 A.2d 255 (Sup.Ct.1953); 1 Del.C. § 103. It seems to this Court that the only permissible interpretation is to preserve the right of these appellants to an appeal. If the General Assembly desires to revert to the law of the *Pepper* case, simple corrective legislation is easily achieved. The appeal here was properly taken.

A general problem which exists under the statute is the burden of proof in proceedings before the Commission. The grounds for refusal are stated in 4 Del.C. § 543 are just that, grounds for refusal. I am not sure, however, that any general statement can be concluded from the statutory language concerning the burden of proof. In this administrative. area, there are simply too many variables, such as the nature of the license being applied for, the varying nature of the grounds for refusal, the discretionary nature of most of the grounds

for refusal, and the fact that some grounds for refusal can be relied upon if the Commission "has reasonable ground to believe" their existence. It does not appear to me that a general standard as to either the production burden or the persuasion burden is particularly helpful and that such statements as do exist in our case law should be examined closely in relation to the immediate problem before the Court.

But some comment can be made in the instant case. The immediate problem before this Court is 4 Del.C. § 543(d) and the location of an establishment in the vicinity of a church. The law states:

> "The Commission may refuse to grant a license to sell alcoholic liquor to any establishment located in the vicinity of a church * * * The Commission may issue a license to any establishment located in the vicinity of a church * * * when such establishment has been located in a place prior to the time any church * * * may thereafter be located in the vicinity of such establishment."

The protestants argue that a fair reading of the statute demands a construction prohibiting the Commission from issuing a license when the church predates the establishment. The statute does not say that and one must conclude, in view of the other language of § 543, that the omission was intended. See also Stewart v. Delaware Liquor Commission, 6 Terry 363, 74 A.2d 472 (Gen.Sess.1950). Thus, the Court declines to adopt the view of the protestants.

But the two sentences do emphasize that one of the prime factors to be considered in balancing the interest of an establishment with a church is which came first. If the church predates the establishment and protests the issuance of the license, as here, the clear burden is placed on the applicant to demonstrate its operation will not interfere with the statutorily recognized interest of the church.

■ In balancing the respective interests, the Commission must consider this problem as it considers other problems. The grant or refusal of a license is a matter resting within the sound legal discretion of the Commission, having in mind the purpose and intent of the act. Lord v. Delaware Liquor Commission, 2 Terry 154, 17 A.2d 230, 235 (Gen.Sess.1940); Caras v. Delaware Liquor Commission, 8 Terry 268, 90 A.2d 492, 494 (Super.Ct.1952). Its decision, if based upon proper evidence as set forth in the record and made in the exercise of sound discretion, will not be disturbed. Demarie v. Delaware Alcoholic Beverage Control Commission, 1 Storey 206, 143 A.2d 119, 122–123 (Sup.Ct. 1958).

■ This Court can reverse the Commission only if the Commission exercised its power arbitrarily, or committed an error of law, or made findings of fact unsupported by substantial evidence. Whether or not this Court would have reached the same conclusion from this same evidence is of no moment. Stewart v. Delaware Liquor Commission, 6 Terry 363, 74 A.2d 472 (Gen.Sess.1950).

■ Although the statute in § 541(c) permits this Court to take additional testimony, if such additional evidence is necessary, it is clear that the statutory scheme places the initial fact finding duty upon the Commission. Delaware Alcoholic Beverage Control Commission v. Mitchell, Del., 196 A.2d 410, 412 (Sup.Ct.1963). An appellate court may not intrude upon the statutory function of the Commission. In addition to the overall statutory scheme, judicial restraint should lead this Court to exercise its power to make factual findings sparingly. Cf. Delaware Racing Association, Del., 213 A.2d 203, 207–208 (Sup.Ct.1965); Lank v. Steiner, Del., 224 A.2d 242, 245 (Sup. Ct.1966).

■ There are, however, certain fundamental principles of law in the administrative law area which must be obeyed. An administrative agency with discretionary power must exercise its discretionary power and a failure to exercise its discretionary power is error requiring remand. The record must clearly show the basis on which the administrative agency did act in order that its exercise of discretion may be properly reviewed. Spear v. Blackwell, Inc., Del., 221 A.2d 52 (Super.Ct.1966). If the record indicates that the administrative agency made its determination on improper or inadequate grounds, discretion has been abused and reversal upon judicial review is required. 2 Am.Jur.2d, Administrative Law, § 671, p. 542, ftnt. 11; Securities & Exchange Commission v. Chenery, 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). The appellate court should not affirm the Commission by supplying entirely different factual grounds for the grant of a license. To do so would propel the Court into the domain which the legislature has set aside for the administrative agency. Delaware Alcoholic Beverage Control Commission v. Mitchell, supra, at 196 A.2d 412; Securities and Exchange Commission v. Chenery, supra.

In this case, we are clearly dealing with a church in the vicinity of the establishment for which the application is made. The difficulty that this Court has with the findings of fact and the application of the law to the facts by the Commission is that the essence of the dispute is ignored. As Judge Carey wrote in the *Stewart* case at 74 A.2d 474:

"Having determined the question of proximity as a fact, the Commission next had to decide whether the facts required a denial of the license. This conclusion must be based upon all the pertinent circumstances, including, but not limited to, a consideration of the general nature of the surrounding neighborhood, whether it is a business or residential district, the nature of the license sought, and the precise relation of the proposed store to the Church or School."

In this case, while the general elements cited by Judge Carey are touched upon slightly in the findings of fact, they are almost completely ignored by the Commission's reasons for its decision. It is difficult therefore, in this Court's opinion, to say that the decision is the product of an orderly deductive process. Re Delaware Racing Association, supra; Lank v. Steiner, supra.

Perhaps part of the difficulty arises because the Commission did not state what was apparent and not contested, e.g., a finding as to the decor of the club. Perhaps part of the difficulty was caused by the limited evidence presented, e.g., the evidence on the interest and convenience of club members. But, with the exception of the slight emphasis given to the lack of advertising and the convenience to the members, there was no meaningful balancing of the interest of the club with the interest of the church. It seems to this Court that such balancing is the very problem which is posed by the statute.

■ The foregoing comments are not made lightly since this Court recognizes the prime responsibility of the Commission in the fact finding area and it must acknowledge that there were isolated findings of fact in this case which obscurely tended to support the decision reached below. But, as indicated above, this Court feels that the Commission did not come to grip with the real problem before it. The failure to weigh the legitimate interests of the opposing parties is a failure which justifies and requires reversal.

Reversal is made even easier, however, by a second factor. Not only did the Commission fail to come to grips with the essential problem before it, it also considered matters which were improper for it to consider.

■ The Commission found as a fact that it is "in the convenience of the general public for the applicant to have a license to sell alcoholic liquor for con-

sumption on the premises." It may be true that it is in the interest and convenience of numerous members of the applicant to have the on-premises license, although, as noted above, the evidence in this regard could certainly be stronger. But there is no support in the record for the conclusion that the convenience of the general public will be served. Since the applicant is a private club, it is clear that the general public will not be served. This Court has ruled that lack of public necessity is not a ground for refusing a liquor license to a private club. Wilmington Country Club v. Delaware Liquor Commission, 8 Terry 352, 91 A.2d 250 (Super.Ct.1952). Similarly, public necessity and convenience can hardly serve as a reason for the Commission's exercise of its discretion in favor of an applicant club. Given the necessary closeness of the question in the statutory context, the Court cannot say that the consideration of an improper interest, the interest of the general public, was not prejudicial to the protestants.

■ There is another area which gives the Court some concern. The Commission placed great reliance in both its findings of fact and its reasons for its decision on the conclusion that members now carry bottled beverages past the church and drink in the club until 2:00 A.M. The Commission thus concluded that the granting of the on-premises license would in fact be an improvement in the situation. It does not have to be demonstrated that the State has a policy of regulating the sale and consumption of alcoholic beverages. The statute speaks for itself but the Court has great difficulty with the boot strap argument that, since the club is more trouble without a license than it would be if a license were granted, a license therefore should be granted. Such reasoning, carried to its ultimate extreme, which concededly is not necessary, would certainly be disastrous to sound public policy. Other remedies may be open to the protestants to curb drinking at the club if a license

is denied. The difficulty with the Commission's reasoning is that it centers the dispute in this case where it should not be centered, on regulatory convenience. The dispute should be centered where the statute places it, the interest of the club versus the interest of the church. The prominent role given this factual finding by the Commission, on evidence of questionable substance, at least insofar as it related to the interest of the church, supports the conclusion reached above that the Commission failed to come to grips with the key problem before it.

There are pending before me as part of this appeal two motions. The appellees have moved to strike appendix A to the appellants brief. In response, the appellants have moved to take additional evidence or alternatively to remand the case to the Commission for completion of the record. Given the disposition made on this appeal, however, it is not necessary to resolve either of the motions and I decline to rule on them. But some comment seems appropriate. At issue is evidence directed to the tenets of the Methodist Church. There is some indication in the record that the Commission did not feel such evidence was a matter to be weighed in the exercise of its discretion. The particular tenets of a church are relevant and material factors under § 543(d) to be considered by the Commission in balancing the interest of the church against a proposed establishment. The evidence should be directed to the beliefs of the local congregation and evidence of denominational tenets should be so related. Certainly such matters, as all evidentiary matters, must be properly presented to the Commission as part of the case of the protestants. It was doubtful that this was strictly done in the hearing below by the protestants. Part of the difficulty stems from the division of counsel in the presentment of the case for the protestants. The Court states only that, in this particular context, it is the responsibility of the Commission to give full and careful consideration to the religious tenets of the protestants and it is the responsibility of the protestants to present such information in an orderly and reasonably expeditious fashion. As with all issues the Commission is only required to hear enough evidence to fully inform it of the pertinent conditions. Caras v. Delaware Liquor Commission, supra, at 90 A.2d 494.

It is clear from the above requirements that in this Court's opinion the decision of the Commission cannot stand. It is also clear that it would be inappropriate merely to reverse the Commission and deny the application. Under the circumstances, the most appropriate remedy is to remand the case to the Commission for a supplemental hearing. Each side to the dispute should be given a liberal opportunity to present additional evidence and to supplement the record in the light of this opinion. The Commission should then render a new decision including findings of fact, decision, and reasons for decision.

Nothing in this opinion should be interpreted as a direction from this Court requiring the forfeiture of the appellee's license pending the supplemental hearing.

The decision of the Alcoholic Beverage Control Commission is reversed and the case is remanded to the Commission for a supplemental hearing and a new decision. It is so ordered.