IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KIRIT PATEL and JOHN H. :
CORDREY, :
 Appellants :
  :
  :
 v. : C.A. No.: S17A-11-003 RFS
  :
  :
MILFOR, INC. and ALCOHOLIC :
BEVERAGE CONTROL APPEALS :
COMMISSION, :
 Appellees. :

Decided:  February 21, 2018

## ORDER

On November 29, 2017, Appellant, Kirit Patel ("Patel" or "Appellant"), filed this Motion to Stay the issuance of a liquor license until this appeal is resolved.  Supplemental information was provided by the Appellant on December 8, 2017.  On December 13, 2017, Appellee, Milfor, Inc. ("Milfor" or "Appellee"), filed its Response in Opposition to the Appellant's Motion to Stay. Appellant's Reply was filed on December 19, 2017.  Additionally, on December 21, 2017, Commissioner John H. Cordrey ("Commissioner Cordrey"), the second Appellant in this action, joined Patel's Motion to Stay.  The Appeals Commission has expressed no position.  On December 22, 2017, the Court held a hearing on the matter.  On January 9, 2018, Patel filed an additional Motion to Stay.  On January 25, 2018, Milfor renewed its opposition to the pending Motion to Stay.  On February 7, 2018, Commissioner Cordrey expressed support for the stay.  For the following reasons, Appellant's Motion to Stay is **GRANTED**.

On February 10, 2017, Milfor applied to the Office of the Alcohol Beverage Control Commissioner for a liquor store license to operate a liquor store in Millsboro, Delaware.  The community expressed some opposition to the application.  A hearing was held before Commissioner Cordrey on June 1, 2017.  On July 12, 2017, Commissioner Cordrey denied the liquor store license

1

application. Milfor appealed this decision to the Alcohol Beverage Appeals Commission ("Appeals Commission"). On November 27, 2017, the Appeals Commission reversed Commissioner Cordrey's decision and granted Milfor's request for a liquor store license. Appellant filed an appeal to this Court on November 29, 2017. Appellant requests that the decision of the Appeals Commission to be stayed until this Court decides the pending appeal.

29 *Del. C.* § 10144 lays out the circumstances under which a stay is appropriate.[1] The statute provides: "When an action is brought in the Court for review of an agency regulation or decision, enforcement of such regulation or decision by the agency may be stayed by the Court only if it finds, upon a preliminary hearing, that the issues and facts presented for review are substantial and the stay is required to prevent irreparable harm."[2] Therefore, in order to impose a stay, Appellant would have to show that both the issues submitted for review are substantial *and* that the stay is required to prevent irreparable harm.[3]

Appellant has shown that the appeal raises substantial issues for review and that irreparable harm will result if the stay is not granted. Substantial questions remain regarding the roles to be exercised by the Commissioner and the Appeals Commission. The Commissioner is to be the primary factfinder, as decisions of the Appeals Commission are to be based upon the record provided by the Commissioner.[4] However, it appears that here the Appeals Commission expanded upon the facts

---

[1] The Court notes that the standard applied in *Kirpat, Inc. v. Delaware Alcohol Beverage Control Commission* is strictly applied to appeals from a decision of the Delaware Superior Court to the Delaware Supreme Court, rather than in the case of an appeal from an agency decision to the Delaware Superior Court. See *State of Delaware, Department of Transportation v. Keeler*, 2010 WL 334920, at *1 (Del. Super. Ct. Jan. 28, 2010). Even if the Court applied the *Kirpat* factors, the result would be the same. There is a sufficient likelihood of success on the merits of the appeal, the petitioner, namely Commissioner Cordrey will suffer irreparable harm if the stay is not granted, other interested parties will suffer substantial harm if the stay is not granted, and the public interest will not be harmed if the stay is granted, as there are other operating liquor stores in the area.
[2] 29 *Del. C.* § 10144.
[3] *Keeler*, 2010 WL 334920, at *1.
[4] 4 *Del. C.* § 541 (c); *Delaware Alcoholic Beverage Control Commission and Colonial Corp. of Delaware, Inc. v. Allen*, 227 A.2d 484, 486 (Del. 1967) (holding that the Commission's decision must be based solely on the record before it).

2

provided by the Commissioner. The process of gathering supplemental information appears, on its face, to be impermissible overstepping by the Appeals Commission. Furthermore, the consideration of the site plan, which had not been filed with the County at the time of the Commissioner's decision is questionable, especially considering that Patel was not provided an opportunity to weigh in on this issue. Arguably, Commissioner Cordrey should have been afforded the opportunity to fully develop the record in the first instance and to assess the credibility of the evidence presented. The fact that the Appeals Commission launched a further inquiry into the circumstances of the case and analyzed the credibility of the information presents a substantial issue for review.

Now, the Court turns to the question of whether Patel and Commissioner Cordrey will suffer irreparable harm if the stay is not granted. Speculative harm is not sufficient to meet this prong of the analysis.[5] However, here, the harm is not speculative. There are legitimate, genuine concerns regarding alleged charges arising from Fortunato Cristiano's reported arrest on December 1, 2017 that must be considered.[6] Cristiano may have transported liquor across state lines in order to avoid paying liquor taxes. Allegedly 117 cases of untaxed liquor and nearly $106,000 in cash were seized from Cristiano's home. Cristiano may have potentially conflicting wholesaler/distributor interests. There is also a possession of marijuana allegation. The Court views this information as akin to newly discovered evidence, as the circumstances came to light after the conclusion of the initial decision. The situation can prompt Commissioner Cordrey to explore Milfor's bona fides. Indeed, the information may shed light on whether or not a license should be granted, including whether or not the disclosures on the liquor license application were sufficient. Moreover, it would be imprudent for the liquor license to be granted when serious concerns should be addressed which potentially could be a disqualifying event for a liquor license. Commissioner Cordrey should not be in a position to

---

[5] *Keeler*, 2010 WL 334920, at *2.
[6] Appellant's Mot. Stay: Supplemental Information Additional Remedy Sought 2.

issue the license without an opportunity to address the problem arising from the arrest. Revoking the license at a later date is not an appropriate remedy.

Milfor's only response to this issue is that all people are innocent until proven guilty, which is no answer.[7] Regardless of the outcome in the criminal setting, the circumstances still give some pause from a civil perspective. Further, maintaining the status quo will prevent irreparable harm arising from the risk of a liquor license being issued and then later rescinded or revoked.

Appellant has shown that the appeal raises substantial issues and that irreparable harm will result if the stay is not granted; therefore, Appellant's Motion to Stay is **GRANTED**. The Court will proceed on the briefing schedule stipulated by the parties and approved on February 20, 2018, but a stay will be in place until a final decision is rendered.

**IT IS SO ORDERED.**

Richard F. Stokes, Judge

cc: Ciro Poppiti, Esq.
David J. Weidman, Esq.
Laura L. Gerard, Esq.
Andrew Kerber, Esq.

---

[7] Resp. Opp'n Appellant's Mot. Stay 7.

4